UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br><br>CONSERVATION LAW FOUNDATION, INC., )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>MITT ROMNEY, in his official capacity as )<br>GOVERNOR OF MASSACHUSETTS, et al., )<br> )<br>Defendants. )<br>_____ ) | Civil Action No. 05-10487 NG |

## **ANSWER OF THE MASSACHUSETTS TURNPIKE AUTHORITY AND MATTHEW J. AMORELLO**

Defendants the Massachusetts Turnpike Authority and Matthew J. Amorello, in his official capacity as Chairman of the Massachusetts Turnpike Authority (together, "MTA"), answer the allegations contained in the Complaint filed by plaintiff Conservation Law Foundation, Inc. ("CLF") as follows:

## INTRODUCTION

1.      The allegations contained in Paragraph 1 are a summary of the nature of CLF's claims in this action. No response to that summary is required. To the extent that any further response to the allegations contained in Paragraph 1 is deemed appropriate, MTA denies that MTA has violated the CAA by its actions or failures to act.

2.      The allegations contained in the first sentence of Paragraph 2 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it is obligated pursuant to the SIP to implement any of the public transportation improvements and measures that form the basis for

CLF's claims in this lawsuit.  MTA denies the allegations contained in the second sentence of Paragraph 2.  MTA specifically denies that the CA/T Project has harmed or will harm air quality.

3.      In response to the allegations contained in Paragraph 3, MTA admits that the CA/T Project has replaced the former six-lane elevated highway with an eight-to-ten lane underground expressway and has added the Ted Williams Tunnel and an extension to the Massachusetts Turnpike.

4.      MTA denies the allegations contained in the first sentence of Paragraph 4.  MTA specifically denies that the CA/T Project has harmed or will harm air quality or injure the public health.  In response to the second sentence of Paragraph 4, MTA admits that the highway portion of the CA/T Project is now nearly complete, but denies that any required transit projects are significantly and unreasonably delayed beyond their currently scheduled completion dates. MTA denies the allegations contained in the third sentence of Paragraph 4.  In response to the fourth sentence of paragraph 4, MTA denies that it has failed to satisfy any SIP transit commitments imposed on it, and denies that it is in violation of the CAA.  Further answering, MTA states that allegations that other defendants have failed to satisfy any commitments under the SIP or are in violation of the CAA are not directed at MTA, which is therefore not required to respond to those allegations.

5.      The allegations contained in Paragraph 5 are a summary of the nature of the relief CLF seeks in this action.  No response to that summary is required.  To the extent that any further response to the allegations contained in Paragraph 5 is deemed appropriate, MTA admits that CLF purports to seek judicial relief compelling defendants to complete certain transit projects and to provide certain mitigation measures, but MTA denies the remaining allegations contained in Paragraph 5.

-2-

## PARTIES

### Plaintiff

6.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7.

8.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 9.  In response to the second sentence of Paragraph 9, MTA admits that CLF participated in regulatory proceedings that concern the CA/T Project, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the sentence.  In response to the third sentence of Paragraph 9, MTA admits that CLF made efforts to ensure that certain transportation measures it claims are contemplated by the CA/T Project were implemented.  MTA is without knowledge or information sufficient to form a belief as to the remaining allegations contained in that sentence.

10.    MTA admits that CLF has been involved in or attempted to be involved in certain state permit proceedings, administrative proceedings, public hearings, and public comment proceedings with respect to the CA/T Project.  MTA is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10.

11.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

-3-

12.     In response to the first sentence of Paragraph 12, MTA admits that EPA approved the Massachusetts SIP, and that the SIP was intended in part to reduce ozone levels.  MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, and fourth sentences of Paragraph 12.

13.     MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

<u>Defendants</u>

14.     MTA admits the allegations contained in the first sentence of Paragraph 14.  In response to the second sentence of Paragraph 14, MTA admits that the Governor is the chief executive magistrate of Massachusetts.  The remaining allegations contained in the second sentence are allegations of law and are directed at another defendant.  Accordingly, MTA is not required to respond to those allegations.  The allegations contained in the third sentence of Paragraph 14 are legal conclusions, not allegations of fact, to which no response is required.

15.     MTA admits the allegations contained in the first sentence of Paragraph 15.  The remaining allegations contained in Paragraph 15 are allegations of law and are directed at another defendant.  Accordingly, MTA is not required to respond to those allegations.

16.     The allegations contained in Paragraph 16 are allegations of law and are directed at another defendant.  Accordingly, MTA is not required to respond to those allegations.

17.     In response to the first sentence of paragraph 17, MTA admits that Mr. Graubouistas was Secretary of EOT at the time the Complaint was filed, but states that it is informed and believes that he has since resigned as Secretary.  In response to the allegations contained in the second sentence of Paragraph 17, MTA admits that EOT was created in 2004.  The remaining allegations contained in the second sentence are allegations of law and are

-4-

directed at another defendant. Accordingly, MTA is not required to respond to those allegations. The third sentence of Paragraph 17 purports to describe the content of the Massachusetts SIP, which speaks for itself. To the extent those allegations inaccurately describe the Massachusetts SIP, MTA denies them.

18.     MTA admits the allegations contained in the first sentence of Paragraph 18. The allegations contained in the second sentence of Paragraph 18 are allegations of law and are directed at another defendant. Accordingly, MTA is not required to respond to those allegations.

19.     MTA admits the allegations contained in the first two sentences of Paragraph 19. The allegations contained in the third sentence of Paragraph 19 purport to describe the content and legal effect of G.L. c. 81A, which speaks for itself. MTA denies that c. 81A requires the MTA to assume responsibility for any of the public transportation projects described in the Complaint.

20.     MTA admits the allegations contained in the first sentence of Paragraph 20. In response to the second sentence of Paragraph 20, MTA admits that it received certain authority over the CA/T Project pursuant to G.L. c. 81A, which authority was formerly held by MHD. Further answering, MTA states that the remaining allegations in the second sentence of Paragraph 20 purport to describe the content and legal effect of G.L. c. 81A, which speaks for itself. MTA denies that c. 81A requires the MTA to assume responsibility for any of the public transportation projects described in the Complaint.

21.     In response to the first sentence of Paragraph 21, MTA admits that John Cogliano is the Commissioner of MHD. The remaining allegations contained in the first sentence are allegations of law and are directed at another defendant. Accordingly, MTA is not required to respond to those allegations. In response to the second sentence of Paragraph 21, MTA admits

that it received certain authority over the CA/T Project pursuant to G.L. c. 81A, (not c. 81, as described in the Complaint), but denies that the Complaint accurately summarizes the requirements of c. 81A, §12.  Further answering, MTA states that the remaining allegations in the second sentence of Paragraph 21 purport to describe the content and legal effect of G.L. c. 81A, § 12, which speaks for itself.  MTA denies that c. 81A requires the MTA to assume responsibility for any of the public transportation projects described in the Complaint.

22.    MTA admits the allegations contained in the first sentence of Paragraph 22.  In response to the second sentence of Paragraph 22, MTA admits that DEP is a signatory on a certain Administrative Consent Order and states that the content and effect of that Order speak for themselves.  To the extent the allegations contained in that sentence inaccurately describe the Administrative Consent Order, MTA denies them.  The third sentence of Paragraph 22 consists of legal conclusions, not allegations of fact, to which no response is required.  In response to the fourth sentence of Paragraph 22, MTA admits that DEP has taken actions that may be at issue in this proceeding, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the sentence.

<u>JURISDICTION AND VENUE</u>

23.    The allegations contained in Paragraph 23 are legal conclusions to which no response is required.

24.    MTA admits the allegations contained in Paragraph 24.

25.    MTA admits the allegations contained in Paragraph 25.

26.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.    MTA admits the allegations contained in Paragraph 27.

-6-

## STATUTORY AND REGULATORY BACKGROUND

### The Clean Air Act

28.     MTA admits that 42 U.S.C. §§ 7401-7671q are federal statutory sections enacted with the purpose of protecting the citizens of the United States from the potential negative health impacts of excess air pollution.

29.     MTA admits the allegations contained in Paragraph 29.

30.     MTA admits the allegations contained in Paragraph 30.

31.     MTA admits the allegations contained in Paragraph 31, except that it denies that the SIP must provide for attainment of the NAAQS as expeditiously as possible.

32.     MTA admits the allegations contained in the first and second sentences of Paragraph 32.  The allegations of the third and fourth sentences of Paragraph 32 are conclusions of law to which no response is required.

33.     MTA admits that the allegations contained in Paragraph 33 are scientifically accurate, but specifically denies any implication that the CA/T Project has caused or will cause an increase in ground-level ozone or will otherwise injure the public health.

34.     MTA admits that the allegations contained in Paragraph 34 are scientifically accurate, but specifically denies any implication that the CA/T Project has caused or will cause an increase in ground-level ozone or will otherwise injure the public health.

### Relevant History of the Massachusetts SIP

35.     In response to the allegations contained in the first sentence of Paragraph 35, MTA admits that the CA/T Project has replaced the former six-lane elevated highway with an eight-to-ten lane underground expressway and has added the Ted Williams Tunnel and an extension to the Massachusetts Turnpike.  MTA denies the allegations contained in the second

GSDOCS-1474374-5

sentence of Paragraph 35.  In response to the third sentence of Paragraph 35, MTA admits that

certain provisions of the Massachusetts SIP are enforceable against the proper parties, but denies

the remaining allegations contained in the sentence.  MTA specifically denies that any of the

provisions of the preconstruction certification or amended preconstruction certification for the

CA/T Project approved by DEP pursuant to 310 C.M.R. 7.38 (the "Preconstruction Certification"

and "Amended Preconstruction Certification", which the Complaint refers to as the "Vent Stack

Permit" and "Amended Vent Stack Permit") form a part of the Massachusetts SIP.

36.     MTA states that the allegations contained in the first sentence of paragraph 36

constitute allegations of law to which no response is required.  MTA specifically denies any

implication that any of the provisions of the Preconstruction Certification or Amended

Preconstruction Certification form a part of the Massachusetts SIP.  MTA admits the allegations

contained in the second and third sentences of Paragraph 36.  The allegations contained in the

fourth sentence of Paragraph 36 purport to describe the content and legal effect of 310 C.M.R.

7.38, which speaks for itself.  To the extent those allegations inaccurately describe 310 C.M.R.

7.38, MTA denies them.

37.     MTA admits the allegations contained in Paragraph 37.

38.     The allegations contained in the first two sentences of Paragraph 38 purport to

describe the content and legal effect of the Preconstruction Certification, which speaks for itself.

To the extent those allegations inaccurately describe the Preconstruction Certification, MTA

denies them.  MTA admits the allegations contained in the third sentence of Paragraph 38, except

that it denies that the Preconstruction Certification is properly referred to as the "Vent Stack

Permit."

39.     MTA admits the allegations contained in Paragraph 39, except that it denies that the Preconstruction Certification is properly referred to as the "Vent Stack Permit."

40.     In response to the allegations contained in the first sentence of Paragraph 40, MTA admits that some of the same projects identified in the Preconstruction Certification are also included in 310 C.M.R. 7.36.  MTA admits the allegations contained in the second and third sentences of Paragraph 40.

41.     The allegations contained in Paragraph 41 are conclusions of law, not statements of fact, to which no response is required.  Further answering, MTA denies any implication that the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

42.     The allegations contained in Paragraph 42 purport to describe the content and legal effect of the Preconstruction Certification, which speaks for itself.  To the extent those allegations inaccurately describe the Preconstruction Certification, MTA denies them.

43.     The allegations contained in Paragraph 43 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself.  To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them.

44.     In response to the first sentence of Paragraph 44, MTA admits that the CA/T Project is nearly complete and is open to vehicle traffic, but denies that it has failed to comply with any obligations imposed on MTA by the Preconstruction Certification, the Transit Regulation, or the SIP.  Further answering, MTA states that any allegations that other defendants have failed to do so are conclusions of law, not statements of fact, and that such allegations are not directed at MTA.  MTA is therefore not required to respond to those allegations.  MTA denies that any of the provisions of the Preconstruction Certification or Amended

GSDOCS-1474374-5

Preconstruction Certification form a part of the Massachusetts SIP. MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 44.

45.     MTA admits the allegations contained in the first and second sentences of Paragraph 45. The allegations contained in the third sentence of Paragraph 45 purport to describe the content of the ACO, which speaks for itself. To the extent those allegations inaccurately describe the ACO, MTA denies them. MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 45.

46.     MTA admits the allegations contained in the first and second sentences of Paragraph 46. MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 46.

47.     The allegations in the first sentence of Paragraph 47 purport to describe the contents of the ACO, Amended ACO, and Second Amended ACO, which speak for themselves. To the extent those allegations inaccurately describe the ACO, Amended ACO, or Second Amended ACO, MTA denies them. MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 47. Further answering, MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP. Accordingly, no review or approval by EPA of any modifications to the Preconstruction Certification or Amended Preconstruction Certification was required.

48.     The allegations contained in Paragraph 48 are legal conclusions to which no response is required. Further answering, MTA denies that any of the provisions of the

GSDOCS-1474374-5

Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

49.    The allegations contained in the first sentence of Paragraph 49 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies them.  MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 49.  Further answering, MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT ONE

50.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

51.    The allegations contained in Paragraph 51 purport to describe the content and legal effect of the Preconstruction Certification and Amended Preconstruction Certification, which speak for themselves.  To the extent those allegations inaccurately describe the Preconstruction Certification or Amended Preconstruction Certification, MTA denies them.

52.    The allegations contained in Paragraph 52 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies them.

53.    MTA admits the allegations contained in Paragraph 53.

54.    The allegations contained in Paragraph 54 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the

-11-

SIP or CAA. Further answering, MTA states that allegations that other defendants has failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT TWO

55.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

56.    The allegations contained in Paragraph 56 purport to describe the content and legal effect of the Transit Regulation and Preconstruction Certification, which speak for themselves. To the extent those allegations inaccurately describe the Transit Regulation or Preconstruction Certification, MTA denies them.

57.    The allegations contained in Paragraph 57 are legal conclusions to which no response is required. Further answering, MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

58.    MTA admits the allegations contained in the first sentence of Paragraph 58. The allegations contained in the second sentence of Paragraph 58 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

59.    The allegations contained in Paragraph 59 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed

GSDOCS-1474374-5

appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT THREE

60.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

61.    The allegations contained in Paragraph 61 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them.

62.    The allegations contained in Paragraph 62 are legal conclusions to which no response is required.

63.    MTA admits the allegations contained in Paragraph 63.

64.    The allegations contained in Paragraph 64 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

COUNT FOUR

65.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

-13-

66.     The allegations contained in Paragraph 66 purport to describe the content and legal effect of the Transit Regulation and Preconstruction Certification, which speak for themselves. To the extent those allegations inaccurately describe the Transit Regulation or Preconstruction Certification, MTA denies them.

67.     The allegations contained in Paragraph 67 are legal conclusions to which no response is required. Further answering, MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

68.     MTA admits that the Old Colony Greenbush Line has not been completed. Answering further, MTA states that the remaining allegations contained in Paragraph 68 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP. MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

69.     The allegations contained in Paragraph 69 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

-14-

COUNT FIVE

70.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

71.    The allegations contained in Paragraph 71 purport to describe the content and legal effect of the Transit Regulation, Preconstruction Certification, and Amended Preconstruction Certification, which speak for themselves.  To the extent those allegations inaccurately describe the Transit Regulation, Preconstruction Certification, or Amended Preconstruction Certification, MTA denies them.

72.    The allegations contained in Paragraph 72 are legal conclusions to which no response is required.  Further answering, MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

73.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73.

74.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76.    The allegations contained in Paragraph 76 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA.  Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

GSDOCS-1474374-5

MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT SIX

77.     The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

78.     The allegations contained in Paragraph 78 purport to describe the content and legal effect of the Transit Regulation, Preconstruction Certification, and Amended Preconstruction Certification, which speak for themselves.  To the extent those allegations inaccurately describe the Transit Regulation, Preconstruction Certification, or Amended Preconstruction Certification, MTA denies them.

79.     The allegations contained in Paragraph 79 are legal conclusions to which no response is required.  Further answering, MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

80.     MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81.     MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81.

82.     MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82.

83.     The allegations contained in Paragraph 83 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the

GSDOCS-1474374-5

SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT SEVEN

84.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

85.    The allegations contained in Paragraph 85 purport to describe the content and legal effect of the Preconstruction Certification, which speaks for itself. To the extent those allegations inaccurately describe the Preconstruction Certification, MTA denies them.

86.    The allegations contained in Paragraph 86 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies them. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

87.    The allegations contained in Paragraph 87 purport to describe the content and legal effect of the Preconstruction Certification and Amended Preconstruction Certification, which speak for themselves. To the extent those allegations inaccurately describe the Preconstruction Certification or Amended Preconstruction Certification, MTA denies them.

88.    In response to the first sentence of Paragraph 88, MTA admits that certain rapid bus transit service along Washington Street began in or about July 2002, but denies the remaining allegations contained in that sentence. MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 88.

GSDOCS-1474374-5

89.    The allegations contained in Paragraph 89 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies them. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

90.    MTA is without knowledge or information sufficient to form a belief as to whether the defendants have failed to take actions necessary to ensure that an equivalent mitigation project, if one was required, was completed on any particular schedule. Further answering, MTA denies that it has failed to comply with any obligations imposed on it by the SIP. MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

91.    The allegations contained in Paragraph 91 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT EIGHT

92.    The above responses to Paragraphs 1 through 49, 85, and 86 are hereby incorporated by reference and pleaded as if fully set forth again.

93.    The allegations contained in Paragraph 93 purport to describe the content and legal effect of the Preconstruction Certification and Amended Preconstruction Certification,

GSDOCS-1474374-5

which speak for themselves.  To the extent those allegations inaccurately describe the Preconstruction Certification or Amended Preconstruction Certification, MTA denies them.

94.     MTA admits that certain rapid bus transit service to South Station began in or about December 2004, but denies the remaining allegations contained in Paragraph 94.

95.     MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95.

96.     The allegations contained in Paragraph 96 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies them.  MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

97.     MTA is without knowledge or information sufficient to form a belief as to whether the defendants have failed to take actions necessary to ensure that an equivalent mitigation project, if one was required, was completed on any particular schedule.  Further answering, MTA denies that it has failed to comply with any obligations imposed on it by the SIP.  MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

98.     The allegations contained in Paragraph 98 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA.  Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

GSDOCS-1474374-5

COUNT NINE

99.    The above responses to Paragraphs 1 through 49, 85, and 86 are hereby incorporated by reference and pleaded as if fully set forth again.

100.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 100. The allegations contained in the second sentence of Paragraph 100 purport to describe the content and legal effect of the Preconstruction Certification and Amended Preconstruction Certification, which speak for themselves. To the extent those allegations inaccurately describe the Preconstruction Certification or Amended Preconstruction Certification, MTA denies them. MTA admits the allegations contained in the third sentence of Paragraph 100.

101.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101.

102.    The allegations contained in Paragraph 102 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies them. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

103.    MTA is without knowledge or information sufficient to form a belief as to whether the defendants have failed to take actions necessary to ensure that an equivalent mitigation project, if one was required, was completed on any particular schedule. Further answering, MTA denies that it has failed to comply with any obligations imposed on it by the SIP. MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

104.    The allegations contained in Paragraph 104 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT TEN

105.    The above responses to Paragraphs 1 through 49, 85, and 86 are hereby incorporated by reference and pleaded as if fully set forth again.

106.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 106. The allegations contained in the second sentence of Paragraph 106 purport to describe the content and legal effect of the Preconstruction Certification and Amended Preconstruction Certification, which speak for themselves. To the extent those allegations inaccurately describe the Preconstruction Certification or Amended Preconstruction Certification, MTA denies them.

107.    MTA admits the allegations contained in Paragraph 107.

108.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108.

109.    The allegations contained in Paragraph 109 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies them. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

GSDOCS-1474374-5

110.    MTA is without knowledge or information sufficient to form a belief as to whether the defendants have failed to take actions necessary to ensure that an equivalent mitigation project, if one was required, was completed on any particular schedule. Further answering, MTA denies that it has failed to comply with any obligations imposed on it by the SIP. MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

111.    The allegations contained in Paragraph 111 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT ELEVEN

112.    The above responses to Paragraphs 1 through 49, 85, and 86 are hereby incorporated by reference and pleaded as if fully set forth again.

113.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 113. The allegations contained in the second sentence of Paragraph 113 purport to describe the content and legal effect of the Preconstruction Certification, which speaks for itself. To the extent those allegations inaccurately describe the Preconstruction Certification, MTA denies them.

114.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114.

115.    The allegations contained in Paragraph 115 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies them.  MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

116.    MTA is without knowledge or information sufficient to form a belief as to whether the defendants have failed to take actions necessary to ensure that an equivalent mitigation project, if one was required, was completed on any particular schedule.  Further answering, MTA denies that it has failed to comply with any obligations imposed on it by the SIP.  MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

117.    The allegations contained in Paragraph 117 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA.  Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.  MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT TWELVE

118.    The above responses to Paragraphs 1 through 49, 85, and 86 are hereby incorporated by reference and pleaded as if fully set forth again.

119.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 119.  The allegations contained in the second sentence of Paragraph 119 purport to describe the content and legal

-23-

effect of the Preconstruction Certification, which speaks for itself. To the extent those allegations inaccurately describe the Preconstruction Certification, MTA denies them. The allegations contained in the third sentence of Paragraph 119 apparently purport to describe the content and legal effect of the Amended Preconstruction Certification, which speaks for itself. To the extent those allegations inaccurately describe the Amended Preconstruction Certification, MTA denies them.

120.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120.

121.    The allegations contained in Paragraph 121 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies them. MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

122.    MTA is without knowledge or information sufficient to form a belief as to whether the defendants have failed to take actions necessary to ensure that an equivalent mitigation project, if one was required, was completed on any particular schedule. Further answering, MTA denies that it has failed to comply with any obligations imposed on it by the SIP. MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

123.    The allegations contained in Paragraph 123 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

MTA denies that any of the provisions of the Preconstruction Certification or Amended Preconstruction Certification form a part of the Massachusetts SIP.

COUNT THIRTEEN

124.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

125.    The allegations contained in Paragraph 125 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them.

126.    The allegations contained in Paragraph 126 are legal conclusions to which no response is required.

127.    MTA admits that the Blue Line platform lengthening project has not been completed at State Street Station, but denies that it has not been completed at Wonderland, Revere Beach, Suffolk Downs, Wood Island, and Aquarium Stations. MTA is without knowledge or information sufficient to form a belief as to whether the defendants have provided adequate interim mitigation with respect to that project, if any such mitigation was required. The remaining allegations contained in Paragraph 127 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them.

128.    The allegations contained in the first sentence of Paragraph 128 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them. In response to the allegations contained in the second sentence of Paragraph 128, MTA admits that the Blue Line platform lengthening project has not been completed at State Street Station, but

-25-

denies that it has not been completed at Wonderland, Revere Beach, Suffolk Downs, Wood Island, and Aquarium Stations.

129.    The allegations contained in Paragraph 129 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

COUNT FOURTEEN

130.    The above responses to Paragraphs 1 through 49, 125, and 126 are hereby incorporated by reference and pleaded as if fully set forth again.

131.    MTA admits that the Old Colony Greenbush Line project has not been completed. MTA is without knowledge or information sufficient to form a belief as to whether the defendants have provided adequate interim mitigation with respect to that project, if any such mitigation was required. The remaining allegations contained in Paragraph 131 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them.

132.    The allegations contained in the first sentence of Paragraph 132 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them. MTA admits the allegations contained in the second sentence of Paragraph 132.

133.    The allegations contained in Paragraph 133 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the

-26-

SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

### COUNT FIFTEEN

134.    The above responses to Paragraphs 1 through 49, 125, and 126 are hereby incorporated by reference and pleaded as if fully set forth again.

135.    MTA admits that the Arborway Line restoration project has not been completed. MTA is without knowledge or information sufficient to form a belief as to whether the defendants have provided adequate interim mitigation with respect to that project, if any such mitigation was required. The remaining allegations contained in Paragraph 135 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them.

136.    The allegations contained in the first sentence of Paragraph 136 purport to describe the content and legal effect of the Transit Regulation, which speaks for itself. To the extent those allegations inaccurately describe the Transit Regulation, MTA denies them. MTA admits the allegations contained in the second sentence of Paragraph 136.

137.    The allegations contained in Paragraph 137 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the SIP or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

### COUNT SIXTEEN

138.    The above responses to Paragraphs 1 through 49 are hereby incorporated by reference and pleaded as if fully set forth again.

GSDOCS-1474374-5

139.    The allegations contained in Paragraph 139 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the ACO, Amended ACO, or Second Amended ACO.  Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

140.    The allegations contained in Paragraph 140 purport to describe the content and legal effect of the ACO, which speaks for itself.  To the extent those allegations inaccurately describe the ACO, MTA denies them.

141.    The allegations contained in Paragraph 141 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the ACO, SIP, or CAA.  Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

COUNT SEVENTEEN

142.    The above responses to Paragraphs 1 through 49 and 139 are hereby incorporated by reference and pleaded as if fully set forth again.

143.    In response to the first sentence of Paragraph 143, MTA admits that rail service to T.F. Green Airport in Rhode Island has not been completed.  Further answering, MTA states that the remaining allegations contained in the first sentence of Paragraph 143 purport to describe the content and legal effect of the ACO, Transit Regulation, and Preconstruction Certification, which speak for themselves.  To the extent those allegations inaccurately describe the ACO, Transit

GSDOCS-1474374-5

Regulation, or Preconstruction Certification, MTA denies them. MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 143.

144.    The allegations contained in Paragraph 144 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the ACO, SIP, or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

### COUNT EIGHTEEN

145.    The above responses to Paragraphs 1 through 49 and 139 are hereby incorporated by reference and pleaded as if fully set forth again.

146.    In response to the first sentence of Paragraph 146, MTA states that it is without knowledge or information sufficient to form a belief as to whether the defendants have failed to promote signalization technology to give priority to mass transit vehicles in Greater Boston. Further answering, MTA states that the remaining allegations contained in the first sentence of Paragraph 146 purport to describe the content and legal effect of the ACO, Transit Regulation, and Preconstruction Certification, which speak for themselves. To the extent those allegations inaccurately describe the ACO, Transit Regulation, or Preconstruction Certification, MTA denies them. MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 146.

147.    The allegations contained in Paragraph 147 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed

GSDOCS-1474374-5

appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the ACO, SIP, or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

COUNT NINETEEN

148.    The above responses to Paragraphs 1 through 49 and 139 are hereby incorporated by reference and pleaded as if fully set forth again.

149.    The allegations contained in Paragraph 149 purport to describe the content and legal effect of the ACO, Transit Regulation, and Preconstruction Certification, which speak for themselves. To the extent those allegations inaccurately describe the ACO, Transit Regulation, or Preconstruction Certification, MTA denies them.

150.    MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150.

151.    The allegations contained in Paragraph 151 are legal conclusions to which no response is required. To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the ACO, SIP, or CAA. Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

COUNT TWENTY

152.    The above responses to Paragraphs 1 through 49 and 139 are hereby incorporated by reference and pleaded as if fully set forth again.

153.    In response to the first sentence of Paragraph 153, MTA states that it is without knowledge or information sufficient to form a belief as to whether the defendants have failed to prioritize any commitments contained in the ACO for funding.  Further answering, MTA states that the remaining allegations contained in the first sentence of Paragraph 153 purport to describe the content and legal effect of the ACO, Transit Regulation, and Preconstruction Certification, which speak for themselves.  To the extent those allegations inaccurately describe the ACO, Transit Regulation, or Preconstruction Certification, MTA denies them.  MTA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 153.

154.    The allegations contained in Paragraph 154 are legal conclusions to which no response is required.  To the extent that any further response to those allegations is deemed appropriate, MTA denies that it has failed to comply with any obligations imposed on it by the ACO, SIP, or CAA.  Further answering, MTA states that allegations that other defendants have failed to do so are not directed at MTA, which is therefore not required to respond to those allegations.

## FIRST AFFIRMATIVE DEFENSE

CLF's claims against MTA must be dismissed because the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

CLF's claims against MTA must be dismissed because the Clean Air Act and the Massachusetts SIP impose no obligations, duties, or responsibilities on MTA with respect to the transportation projects that form the basis of CLF's claims.

-31-

### THIRD AFFIRMATIVE DEFENSE

CLF's claims against MTA must be dismissed because CLF lacks standing to bring the claims it asserts in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of CLF's claims against MTA must be dismissed because they are barred by the doctrine of sovereign immunity and by the Eleventh Amendment to the Constitution of the United States, and some or all of the relief sought by CLF is prohibited for the same reasons.

### FIFTH AFFIRMATIVE DEFENSE

Some of CLF's claims against MTA must be dismissed because they are untimely, premature, and not yet ripe for adjudication.

### SIXTH AFFIRMATIVE DEFENSE

CLF's claims against MTA based upon the requirements and deadlines set forth in the Preconstruction Certification and Amended Preconstruction Certification must be dismissed because those requirements and deadlines are not a part of, and were never made a part of, the Massachusetts SIP.

### SEVENTH AFFIRMATIVE DEFENSE

CLF's claims against MTA based upon the requirements and deadlines set forth in the Preconstruction Certification, Amended Preconstruction Certification, and Transit Regulation must be dismissed because those requirements and deadlines have been replaced and superceded by the provisions of the ACO, Amended ACO, and Second Amended ACO.

GSDOCS-1474374-5

## EIGHTH AFFIRMATIVE DEFENSE

CLF's claims against MTA based upon alleged violations of the Clean Air Act that purportedly occurred entirely in the past and not repeatedly must be dismissed because the Clean Air Act does not authorize citizen suits with respect to such violations.

WHEREFORE, CLF is not entitled to the relief it requests in the Complaint or to any other relief in its favor.

Respectfully submitted,

THE MASSACHUSETTS TURNPIKE
AUTHORITY AND MATTHEW J. AMORELLO,

By their attorneys,


/s/ Gary M. Ronan
Timothy J. Dacey (BBO #111800)
Gary M. Ronan (BBO #653899)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
phone: 617-482-1776
fax: 617-574-4112
tdacey@goulstonstorrs.com
gronan@goulstonstorrs.com

Dated:  April 22, 2005

GSDOCS-1474374-5

## CERTIFICATE OF SERVICE

I, Gary M. Ronan, certify that I caused a courtesy copy of the above document to be served on each of the following counsel on April 22, 2005 by first class mail:

| | |
|---|---|
| For Plaintiff Conservation Law Foundation, Inc.: | Carrier B. Schneider, Esq.<br>Conservation Law Foundation, Inc.<br>62 Summer Street<br>Boston, MA  02110 |
| | Peter Shelley, Esq.<br>Conservation Law Foundation, Inc.<br>62 Summer Street<br>Boston, MA  02110 |
| For Defendants Mitt Romney, Douglas I. Foy, Daniel Grabauskas, John Cogliano, and Robert W. Golledge: | Pierce O. Cray, Esq.<br>Attorney General's Office<br>One Ashburton Place<br>Boston, MA  02108-1698 |
| | David Hadas, Esq.<br>Attorney General's Office<br>One Ashburton Place<br>McCormack Building, 20th Floor<br>Boston, MA  02108-1598 |
| | William L. Pardee, Esq.<br>Attorney General's Office<br>One Ashburton Place, Rm. 1813<br>Boston, MA  02108 |
| For Defendants Massachusetts Bay Transportation Authority and Michael Mulhern: | Randall E. Kromm, Esq.<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA  02210-2600 |
| | Dean Richlin, Esq.<br>Foley Hoag LLP<br>155 Seaport Boulevard<br>Boston, MA  02210-2600 |

/s/ Gary M. Ronan
Gary M. Ronan

GSDOCS-1474374-5