UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
CONSERVATION LAW FOUNDATION, INC.,    )
                                      )
            Plaintiff,                )
                                      )
v.                                    )          C.A. No.  05-10487/NG
                                      )
MITT ROMNEY, in his official capacity as    )
GOVERNOR OF MASSACHUSETTS, et al.,    )
                                      )
            Defendants.               )
———————————————————————)

**ANSWER OF MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND
MICHAEL H. MULHERN**

Pursuant to Fed. R. Civ. P. 8, Defendants Massachusetts Bay Transportation Authority

("MBTA") and Michael H. Mulhern (collectively, the "MBTA Defendants"), by and through

their undersigned attorneys, hereby answer the Complaint of Plaintiff Conservation Law

Foundation ("CLF") as follows:

**FIRST DEFENSE**

1.      The allegations contained in Paragraph 1 constitute a summary description of the

Plaintiff's asserted cause of action to which no response is required.

2.      The MBTA Defendants admit that certain public transportation improvements and

other transportation measures are described in the SIP, which speaks for itself.  The MBTA

Defendants deny the remaining allegations contained in Paragraph 2.  Further answering, the

MBTA Defendants state that they have added public transportation improvements and measures

at a cost of over $ 3 billion and are presently in full compliance with all relevant obligations.

3.      The MBTA Defendants admit that the CA/T Project is a multi-billion dollar

highway project.  The MBTA Defendants deny the remaining allegations contained in Paragraph

3.

B3024498.1

4.      The MBTA Defendants admit that certain public transportation improvements and other transportation measures are described in the SIP.  The allegations contained in the fourth sentence of Paragraph 4 constitute legal conclusions to which no response is required. The MBTA Defendants deny the remaining allegations contained in Paragraph 4.

5.      The allegations contained in Paragraph 5 constitute a summary of the Plaintiff's requested relief to which no response is required.

6-11.   The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6-11.

12.      The MBTA Defendants admit that the Massachusetts SIP, and revisions thereof, have been approved by the United States Environmental Protection Agency ("EPA").  The MBTA Defendants further respond that the SIP speaks for itself, and to the extent the allegations contained in the first sentence of Paragraph 12 are inconsistent with the SIP, or to the extent that CLF purports to characterize the SIP, that characterization is denied.  The MBTA Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third and fourth sentences of Paragraph 12.  The MBTA Defendants deny the remaining allegations contained in Paragraph 12.

13.      The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 13.  The MBTA Defendants deny the remaining allegations contained in Paragraph 13.

14.      The MBTA Defendants admit that Mr. Romney is the Governor of Massachusetts. The allegations contained in the second and third sentences of Paragraph 14 constitute conclusions of law to which no response is required.

15.    The MBTA Defendants admit that Mr. Foy is the Secretary of the Office for Commonwealth Development and Chair of the Commonwealth Development Coordinating Council.  The allegations contained in the second, third and fourth sentences of Paragraph 15 constitute conclusions of law to which no response is required.

16.    The MBTA Defendants admit the allegations contained in the first sentence of Paragraph 16.  The MBTA Defendants deny the remaining allegations contained in Paragraph 16.  Further answering, the MBTA Defendants admit that the MBTA has been directed to carry out public transportation projects.

17.    The MBTA Defendants admit that the EOT was created in 2004.  The allegations contained in the second sentence of Paragraph 17 constitute conclusions of law to which no response is required.  Further answering, the Defendants state that the SIP speaks for itself.  The MBTA Defendants deny the remaining allegations contained in Paragraph 17.

18.    The MBTA Defendants admit that Mr. Mulhern is the General Manager of the MBTA.  The MBTA Defendants further admit that Mr. Mulhern has some responsibility for the planning and budgeting processes of the MBTA and that the MBTA has been directed to carry out public transportation projects.  The MBTA Defendants deny the remaining allegations contained in Paragraph 18.

19.    The allegations contained in Paragraph 19 constitute conclusions of law to which no response is required.  Further responding, the MBTA Defendants state that the Metropolitan Highway System Act, M.G.L. 81 A, speaks for itself, and to the extent the allegations contained in the second and third sentences of Paragraph 19 are inconsistent with M.G.L. 81 A, or to the extent that CLF purports to characterize M.G.L. 81 A, the allegations are denied.

20.     The MBTA Defendants admit that Mr. Amorello is the Chairman of the MTA. The remaining allegations contained in Paragraph 20 constitute conclusions of law to which no response is required.  Further responding, the MBTA Defendants state that M.G.L. 81 A speaks for itself, and to the extent the allegations contained in the second sentence of Paragraph 20 are inconsistent with M.G.L. 81 A, or to the extent that CLF purports to characterize M.G.L. 81 A, the allegations are denied.

21.     The MBTA Defendants admit that Mr. Cogliano is the Commissioner of MHD. The remaining allegations contained in Paragraph 21 constitute conclusions of law to which no response is required.  Further responding, the MBTA Defendants state that the Metropolitan Highway System Act, M.G.L 81, § 12, speaks for itself, and to the extent the allegations contained in the second sentence of Paragraph 21 are inconsistent with M.G.L 81, § 12, or to the extent that CLF purports to characterize M.G.L 81, § 12, the allegations are denied.

22.     The MBTA Defendants admit that Mr. Golledge is the Commissioner of DEP. The MBTA Defendants further admit that DEP is a signatory to the Administrative Consent Order ("ACO").  The MBTA Defendants also admit that DEP has taken certain actions relative to the issues in this proceeding.  The allegations contained in the third and fourth sentences of Paragraph 22 constitute conclusions of law to which no response is required.  The MBTA Defendants deny the remaining allegations contained in Paragraph 22.

23.     The allegations contained in Paragraph 23 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

24.     The MBTA Defendants admit that the notice attached as Exhibit 1 to the Complaint was served on the MBTA Defendants via certified mail.  The MBTA Defendants

deny the remaining allegations contained in Paragraph 24, and specifically deny that the notice provided notice of all claims brought by CLF in this action.

25.    The MBTA Defendants admit that sixty (60) days have passed since service of the notice attached as Exhibit 1 to the Complaint.  The MBTA Defendants deny the remaining allegations contained in Paragraph 25.

26.    The allegations contained in Paragraph 26 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

27.    The allegations contained in Paragraph 27 constitute conclusions of law to which no response is required.  To the extent a response is required, the MBTA Defendants state that, to the extent that any federal district court has jurisdiction over this action, venue is proper in the District of Massachusetts.

28.    The allegations contained in Paragraph 28 constitute conclusions of law to which no response is required.  Further responding, the MBTA Defendants state that the Clean Air Act (the "Act"), 42 U.S.C. §§ 7401-7671q, speaks for itself, and to the extent the allegations contained in Paragraph 28 are inconsistent with the Act, or to the extent that CLF purports to characterize the Act, the allegations are denied.

29.    The MBTA Defendants admit that the EPA has established NAAQS for a number of air pollutants.  The MBTA Defendants deny the remaining allegations contained in Paragraph 29.

30.    The allegations contained in Paragraph 30 constitute conclusions of law to which no response is required.  Further responding, the MBTA Defendants state that the Act speaks for itself, and to the extent the allegations contained in Paragraph 30 are inconsistent with the Act, or to the extent that CLF purports to characterize the Act, the allegations are denied.

31.     The allegations contained in Paragraph 31 constitute conclusions of law to which no response is required.  Further responding, the MBTA Defendants state that the Act speaks for itself, and to the extent the allegations contained in the second and third sentences of Paragraph 31 are inconsistent with the Act, or to the extent that CLF purports to characterize the Act, the allegations are denied.

32.     The MBTA Defendants admit that Massachusetts has been designated as being in non-attainment for certain ozone standards.  The MBTA Defendants deny the remaining allegations contained in Paragraph 32.

33.     The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34.     The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35.     The MBTA Defendants admit that the CA/T Project expanded highway and tunnel capacity in the metropolitan Boston area.  The MBTA Defendants further admit that certain public transportation improvements and other transportation measures are described in the Massachusetts SIP.  The MBTA Defendants deny the remaining allegations contained in Paragraph 35.

36.     The allegations contained in the first sentence of Paragraph 36 constitute conclusions of law to which no response is required.  With respect to the allegations in the second sentence of Paragraph 36, the MBTA Defendants admit that in or about 1991 the Department of Public Works submitted a "preconstruction certification" for the CA/T Project to DEP.  Further responding, the MBTA Defendants admit the existence of 310 CMR 7.38, a true and correct copy of which is attached as Exhibit 2 to the Complaint.  The MBTA Defendants

further state that the preconstruction certification and 310 CMR 7.38 speak for themselves, and to the extent the allegations contained in the fourth sentence of Paragraph 36 are inconsistent with the certification or 310 CMR 7.38, or to the extent that CLF purports to characterize the certification or 310 CMR 7.38, the allegations are denied. The MBTA Defendants deny the remaining allegations contained in Paragraph 36.

37.    The MBTA Defendants admit the allegations contained in Paragraph 37.

38.    The MBTA Defendants admit the existence of the Vent Stack Permit, a true and correct copy of which is attached as Exhibit 3 to the Complaint. Further answering, the MBTA Defendants state that the Vent Stack Permit speaks for itself, and to the extent the allegations contained in Paragraph 38 are inconsistent with the Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit, the allegations are denied. The MBTA Defendants deny the remaining allegations contained in Paragraph 38.

39.    The MBTA Defendants admit the allegations contained in Paragraph 39.

40.    The MBTA Defendants admit the existence of the "Transit Regulation," 310 CMR 7.36, a true and correct copy of which is attached as Exhibit 5 to the Complaint. Further answering, the MBTA Defendants state that the Transit Regulation speaks for itself, and to the extent the allegations contained in Paragraph 40 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied. The MBTA Defendants deny the remaining allegations contained in Paragraph 40.

41.    The allegations contained in Paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

42.    The MBTA Defendants state that the Vent Stack Permit speaks for itself, and to the extent the allegations contained in Paragraph 42 are inconsistent with the Vent Stack Permit,

or to the extent that CLF purports to characterize the Vent Stack Permit, the allegations are denied.

43.     The MBTA Defendants state that the Transit Regulation speaks for itself, and to the extent the allegations contained in Paragraph 43 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.

44.     The MBTA Defendants admit that the CA/T Project is open to vehicle traffic. The MBTA Defendants deny the remaining allegations contained in Paragraph 44.

45.     The MBTA Defendants admit that on or about September 1, 2000, DEP and EOTC entered into an ACO and that Exhibit 6 is a true and correct copy of that ACO, which speaks for itself.  The allegations contained in the fourth sentence of Paragraph 45 constitute conclusions of law to which no response is required.  The MBTA Defendants deny the remaining allegations contained in Paragraph 45.

46.     The MBTA Defendants admit that in or about 2002 and 2005 the ACO was amended and that Exhibits 7 and 8 are true and correct copies of the Amended ACO and Second Amended ACO.  The allegations contained in the third sentence of Paragraph 46 constitute conclusions of law to which no response is required.  The MBTA Defendants deny the remaining allegations contained in Paragraph 46.

47.     The allegations contained in the first sentence of Paragraph 47 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 47.  The MBTA Defendants deny the remaining allegations contained in Paragraph 47.

48.    The allegations contained in Paragraph 48 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

49.    The allegations contained in the first sentence of Paragraph 49 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  The MBTA Defendants deny the remaining allegations contained in Paragraph 49.

50.    As Paragraph 50 of the Complaint realleges the allegations in Paragraphs 1-49, the MBTA Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

51-54.  Count One of the Complaint, as set forth in Paragraphs 51 - 54, is the subject of a pending motion to dismiss, and therefore no response is required.

55.    As Paragraph 55 of the Complaint realleges the allegations in Paragraphs 1-49, the MBTA Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

56.    To the extent that Count Two of the Complaint, as set forth in Paragraphs 55-59, alleges that certain requirements were established by the Vent Stack Permit, such allegations are the subject of a pending motion to dismiss, and therefore no response is required.  The MBTA Defendants further state that the Transit Regulation speaks for itself, and to the extent the allegations contained in Paragraph 56 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.

57.    The allegations contained in Paragraph 57 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

58.    The MBTA Defendants admit that, as of the date of this Answer, not all Blue Line platforms have been modernized and lengthened.  The MBTA Defendants deny the remaining allegations contained in Paragraph 58.  Further answering, the MBTA Defendants state that, of the ten stations to be lengthened to accommodate the operation of six-car trains, new six-car platforms have been installed at six stations, and three other stations can accommodate six-car trains with only minor modifications.  The MBTA Defendants further state that while the State Street Station lengthening is not yet complete, the delay has been due, in part, to difficulties negotiating with the owner for an easement and access to the property at 60 State Street, which difficulties are beyond the control of and without fault of the Defendants.  The MBTA Defendants state that the MBTA Board of Directors, in order to address this difficulty, approved an order of taking for an underground easement and access to the building in September 2004, which taking allowed the MBTA and its contractor to have access to the area as of February 7, 2005.  Construction to lengthen the State Street platform is currently underway.  In addition, the MBTA Defendants state that because a major sub-contractor of Siemens, the company with whom the MBTA contracted to manufacture vehicles for the Blue Line, went out of business in late 2002, vehicle delivery has been delayed by about 18 months, which delay is beyond the control of and without fault of the Defendants.

59.    The allegations contained in Paragraph 59 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

60.    As Paragraph 60 of the Complaint realleges the allegations in Paragraphs 1-49, the MBTA Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

61.     The MBTA Defendants state that the Transit Regulation speaks for itself, and to the extent the allegations contained in Paragraph 61 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.

62.     The allegations contained in Paragraph 62 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

63.     The MBTA Defendants admit that the Arborway Line was not in operation by December 31, 1997.  The MBTA Defendants deny the remaining allegations contained in Paragraph 63.  Further answering, the MBTA Defendants state that on June 27, 2001, the EOT submitted to DEP a demonstration of infeasibility for the Arborway Green Line Restoration Project, which demonstration detailed the adverse impacts of that project, including public safety concerns, loss of parking and reduction of service on the other branches of the Green Line.  On November 7, 2001, DEP issued a finding that EOT had not demonstrated that the Arborway Green Line Restoration Project was infeasible. DEP and EOT have since agreed to enter into a joint public process to revaluate and make decisions regarding the Arborway Green Line Restoration Project, which process has included three public hearings and a period for public comment.

64.     The allegations contained in Paragraph 64 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

65.     As Paragraph 65 of the Complaint realleges the allegations in Paragraphs 1-49, the MBTA Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

66.    To the extent that Count Four of the Complaint, as set forth in Paragraphs 65-69, alleges that certain requirements were established by the Vent Stack Permit, such allegations are the subject of a pending motion to dismiss, and therefore no response is required.  The MBTA Defendants further state that the Transit Regulation speaks for itself, and to the extent the allegations contained in Paragraph 66 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.

67.    The allegations contained in Paragraph 67 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

68.    The MBTA Defendants admit that the Old Colony Greenbush Line has not been completed as of the date of this Answer.  The MBTA Defendants deny the remaining allegations contained in Paragraph 68.  Further answering, the MBTA Defendants state that, of the three separate projects of which the Old Colony Extension Project was comprised, two of the projects have been completed at an estimated cost of $602 million.  The MBTA Defendants further state that construction of the Old Colony Greenbush Line is currently underway.

69.    The allegations contained in Paragraph 69 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

70.    As Paragraph 70 of the Complaint realleges the allegations in Paragraphs 1-49, the MBTA Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

71-76.  Count Five of the Complaint, as set forth in Paragraphs 71 - 76, is the subject of a pending motion to dismiss, and therefore no response is required.

77.     As Paragraph 77 of the Complaint realleges the allegations in Paragraphs 1-49, the MBTA Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

78-83. Count Six of the Complaint, as set forth in Paragraphs 78 - 83, is the subject of a pending motion to dismiss, and therefore no response is required.

84.     As Paragraph 84 of the Complaint realleges the allegations in Paragraphs 1-49, the MBTA Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

85-91. Count Seven of the Complaint, as set forth in Paragraphs 85 - 91, is the subject of a pending motion to dismiss, and therefore no response is required.

92.     As Paragraph 92 of the Complaint realleges the allegations in Paragraphs 1 - 49, 85 and 86, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49, 85 and 86 of this Answer as if fully set forth herein.

93-98. Count Eight of the Complaint, as set forth in Paragraphs 93 - 98, is the subject of a pending motion to dismiss, and therefore no response is required.

99.     As Paragraph 99 of the Complaint realleges the allegations in Paragraphs 1 - 49, 85 and 86, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49, 85 and 86 of this Answer as if fully set forth herein.

100-104. Count Nine of the Complaint, as set forth in Paragraphs 100 - 104, is the subject of a pending motion to dismiss, and therefore no response is required.

105.     As Paragraph 105 of the Complaint realleges the allegations in Paragraphs 1 - 49, 85 and 86, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49, 85 and 86 of this Answer as if fully set forth herein.

106-111. Count Ten of the Complaint, as set forth in Paragraphs 106 - 111, is the subject of a pending motion to dismiss, and therefore no response is required.

112.    As Paragraph 112 of the Complaint realleges the allegations in Paragraphs 1 - 49, 85 and 86, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49, 85 and 86 of this Answer as if fully set forth herein.

113-117. Count Eleven of the Complaint, as set forth in Paragraphs 113 - 117, is the subject of a pending motion to dismiss, and therefore no response is required.

118.    As Paragraph 118 of the Complaint realleges the allegations in Paragraphs 1 - 49, 85 and 86, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49, 85 and 86 of this Answer as if fully set forth herein.

119-123. Count Twelve of the Complaint, as set forth in Paragraphs 119 - 123, is the subject of a pending motion to dismiss, and therefore no response is required.

124.    As Paragraph 124 of the Complaint realleges the allegations in Paragraphs 1 - 49, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49 of this Answer as if fully set forth herein.

125.    The MBTA Defendants state that the Transit Regulation speaks for itself, and to the extent the allegations contained in Paragraph 125 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.

126.    The allegations contained in Paragraph 126 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

127.    The MBTA Defendants deny the allegations contained in Paragraph 127.

128.     The MBTA Defendants state that the Transit Regulation speaks for itself, and to the extent the allegations contained in the first sentence of Paragraph 128 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.  The MBTA Defendants admit that, as of the date of this Answer, not all Blue Line platforms have been modernized and lengthened.  The MBTA Defendants deny the remaining allegations contained in Paragraph 128.  Further answering, the MBTA Defendants state that, of the ten stations to be lengthened to accommodate the operation of six-car trains, new six-car platforms have been installed at six stations, and three other stations can accommodate six-car trains with only minor modifications.  The MBTA Defendants further state that while the State Street Station lengthening is not yet complete, the delay has been due, in part, to difficulties negotiating with the owner for an easement and access to the property at 60 State Street, which difficulties are beyond the control of and without fault of the Defendants. The MBTA Defendants state that the MBTA Board of Directors, in order to address this difficulty, approved an order of taking for an underground easement and access to the building in September 2004, which taking allowed the MBTA and its contractor to have access to the area as of February 7, 2005.  Construction to lengthen the State Street platform is currently underway. In addition, the MBTA Defendants state that because a major sub-contractor of Siemens, the company with whom the MBTA contracted to manufacture vehicles for the Blue Line, went out of business in late 2002, vehicle delivery has been delayed by about 18 months, which delay is beyond the control of and without fault of the Defendants.

129.     The allegations contained in Paragraph 129 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

130.    As Paragraph 130 of the Complaint realleges the allegations in Paragraphs 1 - 49, 125 and 126, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49, 125 and 126 of this Answer as if fully set forth herein.

131.    The MBTA Defendants deny the allegations contained in Paragraph 131.  Further answering, the MBTA Defendants state that the MBTA Defendants have implemented the following substitute interim projects for the Old Colony Greenbush Line Project:  1) Hingham Ferry Service, providing commuter boat service from the Hingham Shipyard to Rowes Wharf in downtown Boston; 2) improved service on the Haverhill Commuter Rail Line, consisting of increased service and inclusion of express trains; 3) express bus service between Salem and Boston; 4) the addition of bus service between Alewife Station and Oak Park in Burlington; 5) the addition of four stations on the Worcester Commuter Rail Line; and, 6) the addition of a stop for the Old Colony Commuter Rail Service at the JFK/UMass Red Line Station.

132.    The MBTA Defendants state that the Transit Regulation speaks for itself, and to the extent the allegations contained in the first sentence of Paragraph 132 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.  The MBTA Defendants admit that the Old Colony Greenbush Line has not been completed as of the date of this Answer.  The MBTA Defendants deny the remaining allegations contained in Paragraph 132.  Further answering, the MBTA Defendants state that, of the three separate projects of which the Old Colony Extension Project was comprised, two of the projects have been completed at an estimated cost of $602 million.  The MBTA Defendants further state that construction of the Old Colony Greenbush Line is currently underway.

133.    The allegations contained in Paragraph 133 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

134.    As Paragraph 134 of the Complaint realleges the allegations in Paragraphs 1 - 49, 125 and 126, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49, 125 and 126 of this Answer as if fully set forth herein.

135.    The MBTA Defendants deny the allegations contained in Paragraph 135.  Further answering, the MBTA Defendants state that as an interim substitute for the Arborway Green Line Restoration Project, the MBTA is operating the Route 39 bus service at four-minute headways with sixty (60) foot compressed natural gas buses.

136.    The MBTA Defendants state that the Transit Regulation speaks for itself, and to the extent the allegations contained in the first sentence of Paragraph 136 are inconsistent with the Transit Regulation, or to the extent that CLF purports to characterize the Transit Regulation, the allegations are denied.  The MBTA Defendants admit that the Arborway Line was not restored by December 31, 1997.  The MBTA Defendants deny the remaining allegations contained in Paragraph 136.  Further answering, the MBTA Defendants state that on June 27, 2001, the EOT submitted to DEP a demonstration of infeasibility for the Arborway Green Line Restoration Project, which demonstration detailed the adverse impacts of that project, including public safety concerns, loss of parking and reduction of service on the other branches of the Green Line.  On November 7, 2001, DEP issued a finding that EOT had not demonstrated that the Arborway Green Line Restoration Project was infeasible.  The MBTA Defendants state that DEP and EOT have since agreed to enter into a joint public process to revaluate and make decisions regarding the Arborway Green Line Restoration Project, which process has included three public hearings and a period for public comment.

137.    The allegations contained in Paragraph 137 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

138.    As Paragraph 138 of the Complaint realleges the allegations in Paragraphs 1 - 49, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49 of this Answer as if fully set forth herein.

139.    The MBTA Defendants deny the allegations contained in Paragraph 139.

140.    The MBTA Defendants state that the ACO speaks for itself, and to the extent the allegations contained in Paragraph 140 are inconsistent with the ACO, or to the extent that CLF purports to characterize the ACO, the allegations are denied.

141.    The allegations contained in Paragraph 141 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Further answering, the MBTA Defendants state the MBTA has not provided a schedule for completion because certain critical path items, including but not limited to the development of a surface level operating plan that addresses the public safety concerns raised by the City of Boston, resolution of surface design elements such as station accessibility, intersection improvements, roadway network changes and street parking and development of a Green Line operations plan that adequately addresses operational capacity constraints in the Green Line tunnel, must be resolved before committing to a specific schedule.  The MBTA Defendants further state that DEP and EOT have agreed to enter into a joint public process to reevaluate and make decisions regarding the Arborway Green Line Restoration Project, which process has included three public hearings and a period for public comment.

142.    As Paragraph 142 of the Complaint realleges the allegations in Paragraphs 1 - 49 and 139, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49 and 139 of this Answer as if fully set forth herein.

143-144. Count Seventeen of the Complaint, as set forth in Paragraphs 143 - 144, is the subject of a pending motion to dismiss, and therefore no response is required.

145.    As Paragraph 145 of the Complaint realleges the allegations in Paragraphs 1 - 49 and 139, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49 and 139 of this Answer as if fully set forth herein.

146-147. Count Eighteen of the Complaint, as set forth in Paragraphs 146 - 147, is the subject of a pending motion to dismiss, and therefore no response is required.

148.    As Paragraph 148 of the Complaint realleges the allegations in Paragraphs 1 - 49 and 139, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49 and 139 of this Answer as if fully set forth herein.

149-151. Count Nineteen of the Complaint, as set forth in Paragraphs 149 - 151, is the subject of a pending motion to dismiss, and therefore no response is required.

152.    As Paragraph 152 of the Complaint realleges the allegations in Paragraphs 1 - 49 and 139, the MBTA Defendants restate and incorporate by reference Paragraphs 1 - 49 and 139 of this Answer as if fully set forth herein

153.    The MBTA Defendants deny the allegations contained in Paragraph 153.  Further answering, the MBTA Defendants state that, with the exception of three commitments, the commitments contained in the ACO have been prioritized for funding and have been fully funded.  The MBTA Defendants further state that, with respect to the three commitments for which full funding has not yet been secured, the Second Amended ACO, which sets forth the

current obligations with respect to transportation commitments, establishes that "EOT is in compliance with the ACO requirement to prioritize these projects for funding."

154.    The allegations contained in Paragraph 154 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## SECOND DEFENSE

This court lacks subject matter jurisdiction over this action pursuant to 42 U.S.C. § 7604 because the DEP has commenced and diligently prosecuted an action addressing the matters that are the subject of Plaintiff's Complaint.

## THIRD DEFENSE

Plaintiff's claims are barred because the requirements alleged to be violated are not enforceable requirements of the SIP.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they seek penalties for violations of the SIP, if any, that lie wholly in the past.

## FIFTH DEFENSE

Plaintiff's claims are barred because events which have caused or will cause delays in the performance dates of certain projects were beyond the control of and without the fault of the Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to give adequate notice in accordance with Section 304(b) of the Clean Air Act, 42 U.S.C. § 7604(b), and its implementing regulations.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

## NINTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because it has failed to allege that the State Implementation Plan imposes any standard or limitation on the MBTA Defendants, or that the EPA or the Commonwealth has addressed any order issued under the SIP to the MBTA Defendants.

WHEREFORE, the MBTA Defendants respectfully pray that this Court:

1.      Enter judgment for the MBTA Defendants and award them their costs in defending this action; and

2.      Order such other and further relief as this Court may determine to be just and proper.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY and MICHAEL H. MULHERN

By their attorneys,

/s/ Dean Richlin
Dean Richlin (BBO #419200)
Randall Kromm (BBO #640940)
Foley Hoag **LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
drichlin@foleyhoag.com
(617) 832-1000

Dated: April 22, 2005