UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CONSERVATION LAW FOUNDATION, INC.,**<br><br>                              **Plaintiff,**<br>           v.<br><br>**MITT ROMNEY, in his official capacity as GOVERNOR OF MASSACHUSETTS, <u>et</u> <u>al.</u>,**<br><br>                              **Defendants.** | C.A. No. 05-10487-NG |

## <u>ASSENTED-TO MOTION FOR LEAVE TO AMEND ANSWER</u>

In accordance with Fed. R. Civ. P. 15(a), the State Defendants[1] move for leave to file an amended answer in the form of the attached <u>Exhibit A</u>. The proposed amended answer would add a Seventh Defense (statute of limitations) as an affirmative defense to the plaintiff's complaint. Given that this case is in the early stages of litigation, that "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and that the plaintiff has assented to the requested relief, the State Defendants respectfully request that this Court allow it to file an amended answer.

---

[1]     The State Defendants are the defendants Mitt Romney, in his official capacity as Governor of Massachusetts; Douglas I. Foy, in his official capacities as Secretary of the Office for Commonwealth Development and Chairman of the Commonwealth Development Coordinating Council; Daniel Grabauskas, in his official capacity as Secretary of the Executive Office of Transportation; John Cogliano, in his official capacity as Commissioner of the Massachusetts Highway Department; and Robert W. Golledge, in his official capacity as Commissioner of the Department of Environmental Protection.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David Hadas            .
Pierce O. Cray, BBO # 104630
David Hadas, BBO # 641294
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2619
pierce.cray@ago.state.ma.us
david.hadas@ago.state.ma.us

-AND-

William L. Pardee, BBO # 389070
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, Room 1813
Boston, Massachusetts 02108
(617) 727-2200, ext. 2419
bill.pardee@ago.state.ma.us

**Date: May 20, 2005**

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I certify that I have conferred with counsel for the plaintiff and that he has assented to the relief requested herein.

/s/ David Hadas         .
David Hadas

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CONSERVATION LAW FOUNDATION, INC.,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**MITT ROMNEY, in his official capacity as GOVERNOR OF MASSACHUSETTS, <u>et al.</u>,**<br><br>        **Defendants.** | C.A. No. 05-10487-NG |

## <u>STATE DEFENDANTS' FIRST AMENDED PARTIAL ANSWER</u>

The defendants Mitt Romney, in his official capacity as Governor of Massachusetts; Douglas I. Foy, in his official capacity as Secretary of the Office for Commonwealth Development and Chairman of the Commonwealth Development Coordinating Council; Daniel Grabauskas, in his official capacity as Secretary of the Executive Office of Transportation;[1] John Cogliano, in his official capacity as Commissioner of the Massachusetts Highway Department; and Robert W. Golledge, in his official capacity as Commissioner of the Department of Environmental Protection ("State Defendants"), subject to and without waiver of their simultaneously served Partial Motion to Dismiss, answer the allegations of the Complaint as follows:

---

[1] The Plaintiff has also named as a defendant Daniel Grabauskas, in his official capacity as Chairman of the Massachusetts Bay Transportation Authority. In that separate official capacity, Mr. Grabauskas is represented by separate counsel.

FIRST DEFENSE

1. The State Defendants state that the allegations in Paragraph 1 constitute a description of the plaintiff's purported cause of action to which no response is required.

2. The State Defendants deny the allegations contained in the first sentence of Paragraph 2. The State Defendants state that the allegations contained in the second sentence of Paragraph 2 constitute conclusions of law and/or legal argument to which no response is required.

3. The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except that they admit that the CA/T Project is a highway project that replaced the former six-lane elevated highway (the Central Artery) with an eight-to-ten-lane underground expressway directly beneath the existing road and extended I-90 (the Massachusetts Turnpike) from its former terminus south of downtown Boston through a tunnel beneath South Boston and Boston Harbor to Logan Airport.

4. The State Defendants state that the allegations contained in the first sentence of Paragraph 4 constitute conclusions of law and/or legal argument to which no response is required. The State Defendants deny the allegations contained in the second, third and fourth sentences of Paragraph 4.

5. The State Defendants state that the allegations contained in Paragraph 5 constitute a description of the plaintiff's purported cause of action to which no response is required.

6-11. The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 6-11.

12. The State Defendants state that the allegations contained in the first and fourth

sentences of Paragraph 12 constitute conclusions of law and/or legal argument to which no response is required, except that they admit that the EPA approved the Massachusetts SIP. The State Defendants deny the allegations contained in the second and third sentences of Paragraph 12.

13.     The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14.     The State Defendants admit the allegations contained in the first sentence of Paragraph 14. The State Defendants state that the allegations contained in the second sentence of Paragraph 14 constitute conclusions of law and/or legal argument to which no response is required, except that they admit that the Governor is the Supreme Executive Magistrate of Massachusetts. See pt. 2, c. 2, § 1, art. 1 of the Massachusetts Constitution. The State Defendants state that the allegations contained in the third sentence of Paragraph 14 constitute conclusions of law and/or legal argument to which no response is required.

15.     The State Defendants admit the allegations contained in the first sentence of Paragraph 15. The State Defendants state that the allegations contained in the second, third and fourth sentences of Paragraph 15 constitute conclusions of law and/or legal argument to which no response is required.

16.     The State Defendants state that the allegations contained in the first sentence of Paragraph 16 are directed at defendants other than the State Defendants and, therefore, no response is required. The State Defendants state that the allegations contained in the second sentence of Paragraph 16 constitute conclusions of law and/or legal argument to which no response is required.

17. The State Defendants deny the allegations contained in the first sentence of Paragraph 17. The State Defendants state that the allegations contained in the second and third sentences of Paragraph 17 constitute conclusions of law and/or legal argument to which no response is required.

18. The State Defendants state that the allegations contained in the first sentence of Paragraph 18 are directed at defendants other than the State Defendants and, therefore, no response is required. The State Defendants state that the allegations contained in the second sentence of Paragraph 18 constitute conclusions of law and/or legal argument to which no response is required.

19. The State Defendants state that the allegations contained in the first sentence of Paragraph 19 are directed at defendants other than the State Defendants and, therefore, no response is required. The State Defendants state that the allegations contained in the second and third sentences of Paragraph 19 constitute conclusions of law and/or legal argument to which no response is required.

20. The State Defendants state that the allegations contained in the first sentence of Paragraph 20 are directed at defendants other than the State Defendants and, therefore, no response is required. The State Defendants state that the allegations contained in the second and third sentences of Paragraph 20 constitute conclusions of law and/or legal argument to which no response is required.

21. The State Defendants state that the allegations contained in the first sentence of Paragraph 21 constitute conclusions of law and/or legal argument to which no response is required, except that the State Defendants admit that John Cogliano is the Commissioner of

MHD. The State Defendants state that the allegations contained in the second sentence of Paragraph 21 constitute conclusions of law and/or legal argument to which no response is required.

22. The State Defendants admit the allegations contained in the first sentence of Paragraph 22. The State Defendants state, in answer to the allegations contained in the second sentence of Paragraph 22, that the Administrative Consent Order is a written document that speaks for itself, but, further answering, admit that DEP is a signatory on the Administrative Consent Order dated September 1, 2000. The State Defendants state that the allegations contained in the third and fourth sentences of Paragraph 22 constitute conclusions of law and/or legal argument to which no response is required.

23. The State Defendants state that the allegations contained in Paragraph 23 constitute conclusions of law and/or legal argument to which no response is required.

24. The State Defendants state that the allegations contained in Paragraph 24 constitute conclusions of law and/or legal argument to which no response is required, except that the State Defendants admit that they received CLF's notice of intent to commence this action on or about January 12, 2005 and that a true and correct copy of that document appears as Exhibit 1 to the Complaint, which document is in writing and speaks for itself.

25. The State Defendants admit the allegations contained in Paragraph 25.

26. The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except that they admit that the Commonwealth of Massachusetts is not presently a plaintiff in a pending judicial action alleging violations of the CAA against the defendants in a United States or Massachusetts court.

27.     The State Defendants state that the allegations contained in Paragraph 27 constitute conclusions of law and/or legal argument to which no response is required.

28.     The State Defendants state that the allegations contained in Paragraph 28 constitute conclusions of law and/or legal argument to which no response is required.

29.     The State Defendants state that the allegations contained in Paragraph 29 constitute conclusions of law and/or legal argument to which no response is required.

30.     The State Defendants state that the allegations contained in Paragraph 30 constitute conclusions of law and/or legal argument to which no response is required.

31.     The State Defendants state that the allegations contained in Paragraph 31 constitute conclusions of law and/or legal argument to which no response is required.

32.     The State Defendants admit the allegations contained in the first and second sentences of Paragraph 32.  The State Defendants state that the allegations contained in the third and fourth sentences of Paragraph 32 constitute conclusions of law and/or legal argument to which no response is required.

33.     The State Defendants admit that the allegations contained in Paragraph 33 are scientifically accurate, but deny that Paragraph 33 is a complete description of the subject.

34.     The State Defendants admit that the allegations contained in Paragraph 34 are scientifically accurate, but deny that Paragraph 34 is a complete description of the subject.

35.     In response to the allegations contained in the first sentence of Paragraph 35, the State Defendants state that the CA/T Project is a highway project that replaced the former six-lane elevated highway (the Central Artery) with an eight-to-ten-lane underground expressway directly beneath the existing road and extended I-90 (the Massachusetts Turnpike) from its

former terminus south of downtown Boston through a tunnel beneath South Boston and Boston Harbor to Logan Airport.  The allegations contained in the second and third sentences of Paragraph 35 constitute conclusions of law and/or legal argument to which no response is required.

36.     The State Defendants state that the allegations contained in the first sentence of Paragraph 36 constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state that the allegations contained in the second sentence of Paragraph 36 constitute conclusions of law and/or legal argument to which no response is required, except that the State Defendants admit that the Department of Public Works, now MHD, submitted a "preconstruction certification" for the CA/T Project to DEP, which document is in writing and speaks for itself.  The State Defendants admit the allegations contained in the third sentence of Paragraph 36.  The State Defendants state that the allegations contained in the fourth sentence of Paragraph 36 constitute conclusions of law and/or legal argument to which no response is required.

37.     The State Defendants admit the allegations contained in Paragraph 37.

38.     The State Defendants state, in answer to the first and second sentences of Paragraph 38, that the Vent Stack Permit is a written document that speaks for itself.  The State Defendants admit the allegations contained in the third sentence of Paragraph 38.

39.     The State Defendants state that a true and correct copy of the Amended Vent Stack Permit is attached to the Complaint as Exhibit 4, which document is in writing and speaks for itself.

40.     The State Defendants state that the allegations contained in the first and second

sentences of Paragraph 40 constitute conclusions of law and/or legal argument to which no response is required. The State Defendants admit the allegations contained in the third sentence of Paragraph 40.

41. The State Defendants state that the allegations contained in Paragraph 41 constitute conclusions of law and/or legal argument to which no response is required.

42. The State Defendants state that the Vent Stack Permit is a written document that speaks for itself.

43. The State Defendants state that the allegations contained in Paragraph 43 constitute conclusions of law and/or legal argument to which no response is required.

44. The State Defendants deny the allegations contained in Paragraph 44.

45. The State Defendants state, in answer to the allegations contained in the first and third sentences of Paragraph 45, that the ACO is a written document that speaks for itself. The State Defendants admit the allegations contained in the second sentence of Paragraph 45. The State Defendants state that the allegations contained in the fourth sentence of Paragraph 45 constitute conclusions of law and/or legal argument to which no response is required.

46. The State Defendants state, in answer to the allegations contained in the first sentence of Paragraph 46, that the Amended ACO and the Second Amended ACO are written documents that speaks for themselves. The State Defendants admit the allegations contained in the second sentence of Paragraph 46. The State Defendants state that the allegations contained in the third sentence of Paragraph 46 constitute conclusions of law and/or legal argument to which no response is required.

47. The State Defendants state that the allegations contained in Paragraph 47

constitute conclusions of law and/or legal argument to which no response is required.

48.     The State Defendants state that the allegations contained in Paragraph 48 constitute conclusions of law and/or legal argument to which no response is required.

49.     The State Defendants state that the allegations contained in Paragraph 49 constitute conclusions of law and/or legal argument to which no response is required.

50-54.  The State Defendants state that the allegations contained in Paragraphs 50 through 54 are the subject of their Partial Motion to Dismiss and, therefore, no response is required.

55.     The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

56.     The State Defendants state that the allegations contained in Paragraph 56 relating to the Transit Regulation constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state, in answer to the allegations contained in Paragraph 56 relating to the Vent Stack Permit, that such document is in writing and speaks for itself.

57.     The State Defendants state that the allegations contained in Paragraph 57 constitute conclusions of law and/or legal argument to which no response is required.

58.     In answer to the first sentence of Paragraph 58, the State Defendants admit that platform lengthening has not been completed at State Street station.  Answering further, the State Defendants state that platform lengthening has been completed at Wonderland Station, Revere Beach, Suffolk Downs, Wood Island, Airport and Aquarium.  The State Defendants state that the allegations contained in the second sentence of Paragraph 58 constitute conclusions of law

and/or legal argument to which no response is required.

59. The State Defendants state that the allegations contained in Paragraph 59 constitute conclusions of law and/or legal argument to which no response is required.

60. The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

61. The State Defendants state that the allegations contained in Paragraph 61 constitute conclusions of law and/or legal argument to which no response is required.

62. The State Defendants state that the allegations contained in Paragraph 62 constitute conclusions of law and/or legal argument to which no response is required.

63. The State Defendants admit the allegations contained in Paragraph 63.

64. The State Defendants state that the allegations contained in Paragraph 64 constitute conclusions of law and/or legal argument to which no response is required.

65. The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

66. The State Defendants state that the allegations contained in Paragraph 66 relating to the Transit Regulation constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state, in answer to the allegations contained in Paragraph 66 relating to the Vent Stack Permit, that such document is in writing and speaks for itself.

67. The State Defendants state that the allegations contained in Paragraph 67 constitute conclusions of law and/or legal argument to which no response is required.

68. The State Defendants state that the allegations contained in Paragraph 68

constitute conclusions of law and/or legal argument to which no response is required, although the State Defendants admit that, to date, the Old Colony Greenbush Line has not been completed.

69.     The State Defendants state that the allegations contained in Paragraph 69 constitute conclusions of law and/or legal argument to which no response is required.

70-123.  The State Defendants state that the allegations contained in Paragraphs 70 through 123 are the subject of their Partial Motion to Dismiss and, therefore, no response is required.

124.    The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

125.    The State Defendants state that the allegations contained in Paragraph 125 constitute conclusions of law and/or legal argument to which no response is required.

126.    The State Defendants state that the allegations contained in Paragraph 126 constitute conclusions of law and/or legal argument to which no response is required.

127.    The State Defendants deny the allegations contained in Paragraph 127.

128.    The State Defendants state that the allegations contained in the first sentence of Paragraph 128 constitute conclusions of law and/or legal argument to which no response is required.  In answer to the second sentence of Paragraph 128, the State Defendants admit that platform lengthening has not been completed at State Street station.  Answering further, the State Defendants state that platform lengthening has been completed at Wonderland Station, Revere Beach, Suffolk Downs, Wood Island, Airport and Aquarium.

129.    The State Defendants state that the allegations contained in Paragraph 129

constitute conclusions of law and/or legal argument to which no response is required.

130. The State Defendants restate and incorporate by reference Paragraphs 1-49, 125 and 126 of this Answer as if fully set forth herein.

131. The State Defendants deny the allegations contained in Paragraph 131.

132. The State Defendants state that the allegations contained in the first sentence of Paragraph 132 constitute conclusions of law and/or legal argument to which no response is required. The State Defendants admit the allegations contained in the second sentence of Paragraph 132.

133. The State Defendants state that the allegations contained in Paragraph 133 constitute conclusions of law and/or legal argument to which no response is required.

134. The State Defendants restate and incorporate by reference Paragraphs 1-49, 125 and 126 of this Answer as if fully set forth herein.

135. The State Defendants deny the allegations contained in Paragraph 135.

136. The State Defendants state that the allegations contained in the first sentence of Paragraph 136 constitute conclusions of law and/or legal argument to which no response is required. The State Defendants admit the allegations contained in the second sentence of Paragraph 136.

137. The State Defendants state that the allegations contained in Paragraph 137 constitute conclusions of law and/or legal argument to which no response is required.

138. The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

139. The State Defendants state that the allegations contained in Paragraph 139

constitute conclusions of law and/or legal argument to which no response is required.

140.    The State Defendants state that the ACO is a written document that speaks for itself.

141.    The State Defendants state that the allegations contained in Paragraph 141 constitute conclusions of law and/or legal argument to which no response is required.

142.    The State Defendants restate and incorporate by reference Paragraphs 1-49 and 139 of this Answer as if fully set forth herein.

143.    The State Defendants state, in answer to the allegations contained in the first sentence of Paragraph 143, that the ACO is a written document that speaks for itself. Answering further, the State Defendants admit that rail service to T.F. Green Airport in Rhode Island has not been completed. The State Defendants deny the allegations contained in the second sentence of Paragraph 143.

144.    The State Defendants state that the allegations contained in Paragraph 144 constitute conclusions of law and/or legal argument to which no response is required.

145.    The State Defendants restate and incorporate by reference Paragraphs 1-49 and 139 of this Answer as if fully set forth herein.

146.    The State Defendants state, in answer to the allegations contained in the first sentence of Paragraph 146, that the ACO is a written document that speaks for itself. The State Defendants deny the allegations contained in the second sentence of Paragraph 146.

147.    The State Defendants state that the allegations contained in Paragraph 147 constitute conclusions of law and/or legal argument to which no response is required.

148.    The State Defendants restate and incorporate by reference Paragraphs 1-49 and

139 of this Answer as if fully set forth herein.

149.   The State Defendants state that the ACO is a written document that speaks for itself.

150.   The State Defendants admit the allegations contained in Paragraph 150, but deny any legal requirement to have secured federal funding for Silver Line Phase III or identified or undertaken an urban transit investment.

151.   The State Defendants state that the allegations contained in Paragraph 151 constitute conclusions of law and/or legal argument to which no response is required.

152.   The State Defendants restate and incorporate by reference Paragraphs 1-49 and 139 of this Answer as if fully set forth herein.

153.   The State Defendants deny the allegations contained in Paragraph 153.

154.   The State Defendants state that the allegations contained in Paragraph 154 constitute conclusions of law and/or legal argument to which no response is required.

SECOND DEFENSE

155.   The Court lacks subject matter jurisdiction over Counts 1, 7-12 and 17-20 against Defendants Grabauskas, Cogliano and Golledge (as well as any other claims based in part on alleged violations of State orders) under the Eleventh Amendment of the United States Constitution.

THIRD DEFENSE

156.   The Court lacks subject matter jurisdiction over all Counts against Defendants Romney and Foy under the Eleventh Amendment of the United States Constitution, as construed in Shell Oil v. Noel, 608 F.2d 208 (1st Cir 1979).

### FOURTH DEFENSE

157. The Court lacks subject matter jurisdiction over any claim to the extent it relies on allegations of violations of the Clean Air Act that occurred wholly in the past.

### FIFTH DEFENSE

158. The Plaintiff may not maintain this action because Massachusetts is diligently prosecuting an action to require compliance with the standards, limitations, and orders Plaintiff seeks to enforce in this action.

### SIXTH DEFENSE

159. The Plaintiff lacks standing to assert this action.

### SEVENTH DEFENSE

160. The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

WHEREFORE, the State Defendants respectfully pray that this Court:

1. Enter judgment for the State Defendants and award them their costs and disbursements in defending against this action; and

2. Order such other and further relief as this Court may determine to be just and proper.

        Respectfully submitted,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        <u>/s/ David Hadas</u>           .
        Pierce O. Cray, BBO # 104630
        David Hadas, BBO # 641294
        Assistant Attorneys General
        Government Bureau
        One Ashburton Place, Room 2019
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2619
        pierce.cray@ago.state.ma.us
        david.hadas@ago.state.ma.us

        -AND-

        William L. Pardee, BBO # 389070
        Assistant Attorney General
        Environmental Protection Division
        One Ashburton Place, Room 1813
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2419
        bill.pardee@ago.state.ma.us

**Date:  May 19, 2005**