UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-10487 NG |
| v. | ) ) ) | |
| MITT ROMNEY, in his official capacity as GOVERNOR OF MASSACHUSETTS, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS OF THE MASSACHUSETTS TURNPIKE AUTHORITY AND MATTHEW J. AMORELLO

Pursuant to the Court's order dated May 17, 2005, Defendants the Massachusetts

Turnpike Authority and Matthew J. Amorello, in his official capacity as Chairman of the

Massachusetts Turnpike Authority (together, "MTA"), submit this reply to plaintiff Conservation

Law Foundation, Inc.'s ("CLF's") consolidated opposition (the "Opposition") to the motions to

dismiss that the defendants have filed in this case.

Three simple facts that are apparent from the allegations in the Complaint, the documents

appended thereto, and common sense require dismissal of Counts 1 and 7 through 12 in the

Complaint in full and Counts 2 and 4 in part.

First, the preliminary Preconstruction Certification for the CA/T Project, on which CLF

relies, is not a part of the Massachusetts SIP.[1] The Tunnel Ventilation Certification Regulation,

310 CMR 7.38 (the "Regulation") was approved by EPA as a part of the Massachusetts SIP, but

the preliminary Preconstruction Certification has never been approved or adopted by EPA.

---

[1] CLF refers to the Preconstruction Certification as the "Vent Stack Permit." MTA will use its proper name.

Because EPA approval is required before a document becomes part of the Massachusetts SIP, there can be no question that the Preconstruction Certification is not a part of the SIP. See 42 U.S.C. 7410 (requiring EPA approval of state-created SIP provisions); Bayview Hunters v. Metropolitan Trans. Comm'n, 366 F.3d 692, 695 (9th Cir. 2004) (stating that SIP provisions become effective once they are adopted by the state and approved by EPA).[2]

Second, the Regulation does not by its terms require any public transportation projects, and it imposes no deadlines for any such projects. The Regulation simply states that DEP (the Commonwealth's Department of Environmental Protection) "may impose such conditions on any acceptance of a certification issued pursuant to this subsection as it deems necessary to meet the criteria of 310 CMR 7.38(2)(a)1-3." 310 C.M.R. 7.38(3)(b) (emphasis added). The Regulation does not empower EPA to impose conditions, nor does it contemplate that EPA will approve conditions DEP chooses to impose. Instead, the Regulation contemplates that DEP will exercise its best, independent judgment as to what conditions, if any, are necessary to achieve the objectives spelled out in the Regulation.

Third, because under the Massachusetts SIP the exclusive discretion to impose conditions on the acceptance of the Preconstruction Certification rests with DEP, there is nothing in the Clean Air Act that prohibits DEP from modifying those conditions in the event that it makes the

---

[2] CLF's assertion that EPA has affirmed that the Preconstruction Certification is federally enforceable is simply incorrect. In support of that assertion, CLF cites to 57 Fed. Reg. 46310-12. The first sentence in the passage from 57 Fed. Reg. 46312 described and quoted in the Opposition merely states that EPA agrees that the Regulation and Preconstruction Certification should be adequately enforced. The second sentence makes clear that EPA intends to secure enforcement through the efforts of the DEP. The third sentence states that "federally-approved SIP provisions are enforceable by EPA." That sentence relates only to "federally-approved SIP provisions," not to the provisions of the Preconstruction Certification, which have not been, and are not required to be, approved by any federal agency and do not form a part of the Massachusetts SIP. Contrast the second sentence of the quotation ("DEP will ensure compliance with the regulation and any certification issued thereunder.") (emphasis added) with the third (failing to state that EPA will ensure compliance with the certification).

GSDOCS\1495778.2

judgment that strict compliance with the conditions is not necessary to meet the criteria of 310 CMR 7.38(2)(a)1-3. Here, DEP has entered into Administrative Consent Orders that have extended the deadlines that CLF seeks to enforce in this proceeding and have imposed alternative mitigation measures. CLF is therefore attempting to enforce requirements that have been superseded by later administrative action by the agency (DEP) that imposed the requirements in the first place. Because superseded conditions in the Preconstruction Certification are no longer "in effect under" the Clean Air Act on any fair reading of the words "in effect under" in 42 U.S.C. § 7604(f) (assuming for the sake of argument that they were ever "in effect under" the Clean Air Act), those superseded conditions cannot now be enforced by a Clean Air Act citizen suit. See U.S. v. Louisiana Pacific Corp., 908 F. Supp. 835, 845 (D. Colo. 1995) (holding that the provisions of a canceled permit are not actionable).[3]

CLF argues that the provisions of the Preconstruction Certification have not been "properly" superseded and implies that the Commonwealth's agencies are bargaining away Clean Air Act deadlines and obligations. CLF does not, however, identify a single specific provision of the Regulation that it contends DEP has violated by modifying the deadlines and mitigation measures at issue. In fact, the Regulation does not specify any procedural requirements for amending the Preconstruction Certification or modifying the conditions imposed in it. The Administrative Consent Orders do not, therefore, violate any of the express terms of the Massachusetts SIP. Because DEP's action does not violate the express terms of the

---

[3] Indeed, CLF admits in its Opposition that SIP requirements that have been properly superseded cannot be enforced by citizen suit. See Opposition, page 19 (citing Council of Commuter Orgs. v. Metropolitan Trans. Comm'n, 683 F.2d 663 (2d Cir. 1982)).

GSDOCS\1495778.2

SIP, CLF has no cognizable Clean Air Act claim with respect to the validity of the new deadlines and mitigation measures set forth in the Administrative Consent Orders.[4]

For the reasons set forth above, and for the reasons articulated in the defendants' other memoranda in support of their motions to dismiss, Counts 1 and 7 through 12 in the Complaint should be dismissed in full, and Counts 2 and 4 should be dismissed in part.

Respectfully submitted,

THE MASSACHUSETTS TURNPIKE
AUTHORITY AND MATTHEW J. AMORELLO,

By their attorneys,

/s/ Gary M. Ronan
Timothy J. Dacey (BBO #111800)
Gary M. Ronan (BBO #653899)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
phone: 617-482-1776
fax: 617-574-4112
tdacey@goulstonstorrs.com
gronan@goulstonstorrs.com

Dated:  June 1, 2005

---

[4] Any question of whether DEP has improperly modified the terms and conditions of the Preconstruction Certification in some other respect is an issue of state law and does not give rise to a federal claim under the Clean Air Act.

-4-