UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> MITT ROMNEY, in his official capacity as GOVERNOR OF MASSACHUSETTS, <u>et al.</u>, <br><br> Defendants. | C.A. No. 05-10487-NG |

### NOTICE OF CLARIFICATION OF RECORD

The State Defendants[1] and the MBTA Defendants[2] attach a March 23, 2006 letter from the Commonwealth's Secretary of the Executive Office of Transportation to the Commonwealth's Commissioner of the Department of Environmental Protection ("MassDEP") regarding the air quality information underlying the MassDEP draft transit regulation circulated for comment in October 2005. Because the "Background Document" for the draft regulation that the Court received at the December 19, 2005 hearing in this case references the air quality

---

[1] The State Defendants are the following state officials, sued in their official capacities: the Governor of Massachusetts; the Secretary of the Office for Commonwealth Development; the Chairman of the Commonwealth Development Coordinating Council; the Secretary of the Executive Office of Transportation; the Commissioner of the Massachusetts Highway Department; and the Commissioner of the Department of Environmental Protection.

[2] The MBTA Defendants are the Massachusetts Bay Transportation Authority and the following officials of that Authority, sued in their official capacities: the Chairman of the Massachusetts Bay Transportation Authority and the General Manager of the Massachusetts Bay Transportation Authority.

information, and because the State Defendants and the MBTA Defendants have referenced that information in their prior presentations to the Court, those defendants are submitting the attached letter to supplement and clarify the record in this regard. It remains MassDEP's position, as set forth at p. 6 of the previously submitted Background Document, that any new transit projects must achieve at least 110 % of the air quality benefits that would accrue from the currently existing projects.

    Respectfully submitted,

    THOMAS F. REILLY
    ATTORNEY GENERAL

    /s/ Pierce O. Cray
    Pierce O. Cray, BBO # 104630
    David Hadas, BBO # 641294
    Assistant Attorneys General
    Government Bureau
    One Ashburton Place, Room 2019
    Boston, Massachusetts 02108
    (617) 727-2200, ext. 2619
    pierce.cray@ago.state.ma.us
    david.hadas@ago.state.ma.us

    -AND-

    William L. Pardee, BBO # 389070
    Assistant Attorney General
    Environmental Protection Division
    One Ashburton Place, Room 1813
    Boston, Massachusetts 02108
    (617) 727-2200, ext. 2419
    bill.pardee@ago.state.ma.us

                    MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS, and MICHAEL H. MULHERN,

                    By their attorneys,

                    /s/ Dean Richlin
                    Dean Richlin, BBO # 419200
                    Elisabeth M. DeLisle, BBO # 658067
                    Foley Hoag LLP
                    155 Seaport Boulevard
                    Boston, Massachusetts 02109
                    (617) 832-1000
                    drichlin@foleyhoag.com
                    EDelisle@foleyhoag.com

**Date: March 23, 2006**

# THE COMMONWEALTH OF MASSACHUSETTS
## EXECUTIVE OFFICE OF TRANSPORTATION



MITT ROMNEY
GOVERNOR

KERRY HEALEY
LIEUTENANT GOVERNOR

JOHN COGLIANO
SECRETARY

March 23, 2006

Robert Golledge, Jr., Commissioner
Department of Environmental Protection
One Winter Street
Boston, Massachusetts 02108

Dear Commissioner Golledge:

I am writing in connection with DEP's draft regulation on the transit projects contained in the State Implementation Plan. Based upon recent work, the Executive Office of Transportation believes that some of the underlying air quality information provided by EOT in support of the regulation may need to be reassessed to ensure that the most recent and consistent set of modeling principles have been applied. This will ensure that any new SIP projects represent a net air quality benefit over the existing commitments.

As you know, in September 2004 in a cover letter to the Annual Report on the Transit Commitments Administrative Consent Order then-Secretary Grabauskas outlined the agreed-to process for the proposed substitution process and provided a quantification of the air quality benefits of the existing SIP commitments (the Green Line to Arborway, the Green Line to Medford Hillside, and the Red/Blue Connector). Subsequently, in May 2005 I wrote to you to announce our proposed SIP substitution projects (the Fairmount Line, the Enhanced Green Line to West Medford and Union Square, and 1,000 MBTA park-and-ride spaces). As part of that letter, an attachment was provided quantifying the air quality benefits from these projects and comparing them to the targets established in your March 2005 letter.

In as much as these two sets of air quality benefits are an important element underlying DEP's proposed regulation, I wanted to alert you that we have concluded that some additional modeling may be necessary to ensure that the proposed projects do meet DEP's goals of net air quality improvement. This review and re-running of the models is technical in nature, but is meant to ensure that the most up-to-date models are used to analyze all projects.

EOT is absolutely committed to ensuring that any new projects do in fact represent a net improvement over the air quality benefits associated with the original SIP projects. We will be happy to provide you with updated data as you direct so as to ensure this goal.

Sincerely,

John Cogliano
Secretary

TEN PARK PLAZA, BOSTON, MA 02116-3969
TELEPHONE: (617) 973-7000 • TELEFAX: (617) 523-6454 • TDD: (617) 973-7306 • WWW.MASS.GOV/EOT