UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., ) <br> ) <br>        Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MITT ROMNEY, in his official capacity as ) <br> GOVERNOR OF MASSACHUSETTS, et al., ) <br> ) <br>        Defendants. ) | C.A. No. 05-10487/NG |

**ANSWER OF MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND MICHAEL H. MULHERN TO COUNTS ONE, TWO, FOUR THROUGH TWELVE, AND NINETEEN**

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants Massachusetts Bay Transportation Authority ("MBTA") and Michael H. Mulhern (collectively, "Defendants"), by and through their undersigned attorneys, hereby answer the above-listed counts of the Complaint of Plaintiff Conservation Law Foundation ("CLF") as follows:

**FIRST DEFENSE**

50. The MBTA Defendants refer to paragraph 50 of their Answer dated April 22, 2005.

51. The MBTA Defendants state that the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves, and to the extent the allegations contained in Paragraph 51 are inconsistent with the Vent Stack Permit and the Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied.

52. The allegations contained in Paragraph 52 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

B3181418.7

53. The MBTA Defendants admit that 46 additional cars were not purchased or added for the Orange Line by December 31, 2000. Further responding, the MBTA Defendants state that the commitment to purchase or add 46 additional cars for the Orange Line was amended by the Administrative Consent Order ("ACO"), which was incorporated by reference into the Amended Vent Stack Permit, and the Second Amended ACO, such that the Defendants are no longer obligated to purchase or add 46 additional cars for the Orange Line.

54. The allegations contained in Paragraph 54 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

55. The MBTA Defendants refer to Paragraph 55 of their Answer dated April 22, 2005.

56. To the extent that Paragraph 56 alleges that certain requirements were established by the Vent Stack Permit and the Amended Vent Stack Permit, the MBTA Defendants state that the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves. To the extent the allegations contained in Paragraph 56 are inconsistent with the Vent Stack Permit and the Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied. To the extent that Paragraph 56 alleges that certain requirements were established by the Transit Regulation, the MBTA Defendants refer to Paragraph 56 of their Answer dated April 22, 2005.

57. The MBTA Defendants refer to Paragraph 57 of their Answer dated April 22, 2005.

58. The MBTA Defendants refer to Paragraph 58 of their Answer dated April 22, 2005.

59. The MBTA Defendants refer to Paragraph 59 of their Answer dated April 22, 2005.

60-64. The MBTA Defendants refer to Paragraphs 60 - 64 of their Answer dated April 22, 2005.

65. The MBTA Defendants refer to Paragraph 65 of their Answer dated April 22, 2005.

66. To the extent that Paragraph 66 alleges that certain requirements were established by the Vent Stack Permit, the Defendants state that the Vent Stack Permit speaks for itself, and to the extent the allegations contained in Paragraph 66 are inconsistent with the Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit, the allegations are denied.  To the extent that Paragraph 66 alleges that certain requirements were established by the Transit Regulation, the MBTA Defendants refer to Paragraph 66 of their Answer dated April 22, 2005.

67. The MBTA Defendants refer to Paragraph 67 of their Answer dated April 22, 2005.

68. The MBTA Defendants refer to Paragraph 58 of their Answer dated April 22, 2005.

69. The MBTA Defendants refer to Paragraph 69 of their Answer dated April 22, 2005.

70. The MBTA Defendants refer to Paragraph 70 of their Answer dated April 22, 2005.

71. To the extent that Paragraph 71 alleges that certain requirements were established by the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit, the

Defendants state that the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves. To the extent the allegations contained in Paragraph 71 are inconsistent with the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied.

72. The allegations contained in Paragraph 72 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

73. The MBTA Defendants state, in response to the first and second textual sentences of Paragraph 73, that the MBTA's 2005 Capital Investment Program is a written document and speaks for itself. The MBTA Defendants admit that no substantial work has been performed but deny that there exists a present obligation to have performed substantial work. The MBTA Defendants further state that as the result of a joint public process conducted by the DEP, EOT, the MBTA and the Boston Metropolitan Planning Organization (MPO) to reevaluate the outstanding transit commitments in the transit regulation, DEP has proposed amendments to the Transit Regulation and the SIP for ozone. Among other things, the proposed amendments would substitute three outstanding projects (the Green Line Arborway Restoration, the Red-Blue Connector and the Green Line Extension to Ball Square/Tufts University) with alternative projects requiring the extension of the Green Line beyond Lechmere to the West Medford and Union Square areas, Fairmount Line improvements and the addition of 1,000 additional park and ride parking spaces serving commuter transit facilities in Boston MPO region. The amendment of the Transit Regulation and the SIP is pending.

74. The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74. Further answering, the MBTA Defendants refer to their response to Paragraph 73, above.

75. The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74. Further answering, the MBTA Defendants refer to their response to Paragraph 73, above.

76. The allegations contained in Paragraph 76 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

77. The MBTA Defendants refer to Paragraph 77 of their Answer dated April 22, 2005.

78. To the extent that Paragraph 78 alleges that certain requirements were established by the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit, the Defendants state that the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves. To the extent the allegations contained in Paragraph 78 are inconsistent with the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Transit Regulation, the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied.

79. The allegations contained in Paragraph 79 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

80. The MBTA Defendants state, in response to the first and second textual sentences of Paragraph 80, that the MBTA's 2005 Capital Investment Program is a written document and speaks for itself. The MBTA Defendants deny the allegations contained in the third textual sentence of Paragraph 80. Further answering, the MBTA Defendants state that a Major

Investment Study/Alternatives Analysis was completed for the project in August 2005. The MBTA Defendants further state that as the result of a joint public process conducted by the DEP, EOT, the MBTA and the Boston MPO to reevaluate the outstanding transit commitments in the transit regulation, DEP has proposed amendments to the Transit Regulation and the SIP for ozone. Among other things, the proposed amendment would substitute three outstanding projects (the Green Line Arborway Restoration, the Red-Blue Connector and the Green Line Extension to Ball Square/Tufts University) with alternative projects requiring the extension of the Green Line beyond Lechmere to the West Medford and Union Square areas, Fairmount Line improvements and the addition of 1,000 additional park and ride parking spaces serving commuter transit facilities in Boston MPO region. The amendment of the Transit Regulation and the SIP is pending.

81.   The MBTA Defendants deny the allegations contained in Paragraph 81.

82.   The MBTA Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82. Further answering, the MBTA Defendants refer to their response to Paragraph 80, above.

83.   The allegations contained in Paragraph 83 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

84.   The MBTA Defendants refer to Paragraph 84 of their Answer dated April 22, 2005.

85.   The MBTA Defendants state that the Vent Stack Permit speaks for itself, and to the extent the allegations contained in Paragraph 85 are inconsistent with the Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit, the allegations are denied.

86. The allegations contained in Paragraph 86 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

87. To the extent that Paragraph 87 alleges that certain requirements were established by the Vent Stack Permit and the Amended Vent Stack Permit, the MBTA Defendants state that the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves. To the extent the allegations contained in Paragraph 87 are inconsistent with the Vent Stack Permit and the Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied.

88. The MBTA Defendants admit that the first phase of the Washington Street Replacement Service was completed in July, 2002. The MBTA Defendants deny the remaining allegations in Paragraph 88.

89. The allegations contained in Paragraph 89 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

90. The MBTA Defendants deny the allegations contained in Paragraph 90.

91. The allegations contained in Paragraph 91 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

92. The MBTA Defendants refer to Paragraph 92 of their Answer dated April 22, 2005 and Paragraphs 85 and 86, above.

93. To the extent that Paragraph 93 alleges that certain requirements were established by the Vent Stack Permit and the Amended Vent Stack Permit, the Defendants state that the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves. To the extent the allegations contained in Paragraph 93 are inconsistent with the Vent Stack Permit and the

Case 1:05-cv-10487-NG   Document 44   Filed 04/17/2006   Page 8 of 13

Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied.

94.     The MBTA Defendants admit that the Silver Line Phase II was completed in December 2004.

95.     The MBTA Defendants deny the allegations contained in Paragraph 95.

96.     The allegations contained in Paragraph 96 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

97.     The MBTA Defendants deny the allegations contained in Paragraph 97.

98.     The allegations contained in Paragraph 98 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

99.     The MBTA Defendants refer to Paragraph 99 of their Answer dated April 22, 2005 and Paragraphs 85 and 86, above.

100.    The MBTA Defendants deny the allegations contained in the first textual sentence of Paragraph 100.  To the extent that the second textual sentence of Paragraph 100 alleges that certain requirements were established by the Vent Stack Permit and the Amended Vent Stack Permit, the MBTA Defendants state that the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves.  To the extent the allegations contained in Paragraph 100 are inconsistent with the Vent Stack Permit and the Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied.  The MBTA Defendants admit the allegations contained in the last textual sentence of Paragraph 100.

101.    The MBTA Defendants deny the allegations contained in Paragraph 101.

B3181418.7                                  - 8 -

102. The allegations contained in Paragraph 102 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

103. The MBTA Defendants deny the allegations contained in Paragraph 103.

104. The allegations contained in Paragraph 104 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

105. The MBTA Defendants refer to Paragraph 105 of their Answer dated April 22, 2005 and Paragraphs 85 and 86, above.

106. The MBTA Defendants deny the allegations contained in the first textual sentence of Paragraph 106. To the extent that the second textual sentence of Paragraph 106 alleges that certain requirements were established by the Vent Stack Permit and the Amended Vent Stack Permit, the Defendants state that the Vent Stack Permit and the Amended Vent Stack Permit speak for themselves. To the extent the allegations contained in Paragraph 106 are inconsistent with the Vent Stack Permit and the Amended Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit and the Amended Vent Stack Permit, the allegations are denied.

107. The MBTA Defendants refer to Paragraph 58 of their Answer dated April 22, 2005.

108. IThe MBTA Defendants deny the allegations contained in Paragraph 108.

109. The allegations contained in Paragraph 109 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

110. The MBTA Defendants deny the allegations contained in Paragraph 110.

111. The allegations contained in Paragraph 111 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

112. The MBTA Defendants refer to Paragraph 112 of their Answer dated April 22, 2005 and Paragraphs 85 and 86, above.

113. The MBTA Defendants deny the allegations contained in the first textual sentence of Paragraph 113. To the extent that the second textual sentence of Paragraph 113 alleges that certain requirements were established by the Vent Stack Permit, the Defendants state that the Vent Stack Permit speaks for itself. To the extent the allegations contained in Paragraph 113 are inconsistent with the Vent Stack Permit, or to the extent that CLF purports to characterize the Vent Stack Permit, the allegations are denied.

114. The MBTA Defendants deny the allegations contained in Paragraph 114.

115. The allegations contained in Paragraph 115 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

116. The MBTA Defendants deny the allegations contained in Paragraph 116. Further answering, the MBTA Defendants refer to their response to Paragraph 113, above.

117. The allegations contained in Paragraph 117 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

118. The MBTA Defendants refer to Paragraph 118 of their Answer dated April 22, 2005 and Paragraphs 85 and 86, above.

119. The MBTA Defendants deny the allegations contained in the first sentence of Paragraph 119. In response to the second sentence of Paragraph 119, the MBTA Defendants state that the Vent Stack Permit speaks for itself. In response to the third sentence of Paragraph 119, the MBTA Defendants state that the Vent Stack Permit speaks for itself, and further answering, otherwise incorporate by reference their responses to Paragraphs 73 and 75, above.

120. The MBTA Defendants deny the allegations contained in Paragraph 120.

121. The allegations contained in Paragraph 121 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

122. The MBTA Defendants deny the allegations contained in Paragraph 122. Further answering, the MBTA Defendants refer to their response to Paragraph 120, above.

123. The allegations contained in Paragraph 121 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

142-147. The MBTA Defendants state that it is unnecessary to respond to the allegations contained in Paragraphs 142-147 because they relate to Counts Seventeen and Eighteen, which were dismissed by the Court in its March 20, 2006 Order.

148. The MBTA Defendants refer to Paragraph 148 of their Answer dated April 22, 2005.

149. The Defendants state that the ACO speaks for itself, and to the extent the allegations contained in the first sentence of Paragraph 149 are inconsistent with the ACO, or to the extent that CLF purports to characterize the ACO, the allegations are denied.

150. The Defendants admit the allegations contained in Paragraph 150. Further answering, the MBTA Defendants state that it is anticipated that a New Starts Application Update for Federal Fiscal Year 2008 will be submitted in August 2006.

151. The allegations contained in Paragraph 151 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### SECOND DEFENSE

This court lacks subject matter jurisdiction over this action pursuant to 42 U.S.C. § 7604 because the DEP has commenced and diligently prosecuted an action addressing the matters that are the subject of Plaintiff's Complaint.

### THIRD DEFENSE

Plaintiff's claims are barred because the requirements alleged to be violated are not enforceable requirements of the SIP.

### FOURTH DEFENSE

Plaintiff's claims are barred by binding precedent to the extent they seek penalties for violations of the SIP, if any, that lie wholly in the past.

### FIFTH DEFENSE

Plaintiff's claims are barred because events which have caused or will cause delays in the performance dates of certain projects were beyond the control of and without the fault of the Defendants.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff failed to give adequate notice in accordance with Section 304(b) of the Clean Air Act, 42 U.S.C. § 7604(b), and its implementing regulations.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Eleventh Amendment of the United States Constitution.

### NINTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because it has failed to allege that the SIP imposes any standard or limitation on the MBTA Defendants, or that the EPA or the Commonwealth has addressed any order issued under the SIP to the MBTA Defendants.

WHEREFORE, the Defendants respectfully pray that this Court:

1. Enter judgment for the Defendants and award them their costs in defending this action; and

2. Order such other and further relief as this Court may determine to be just and proper.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY and MICHAEL H. MULHERN

By their attorneys,

/s/ Dean Richlin_____
Dean Richlin (BBO #419200)
Elisabeth DeLisle (BBO # 658067)
Foley Hoag **LLP**
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA  02210
(617) 832-1000

Dated: April 17, 2006

### CERTIFICATE OF SERVICE

I hereby certify that true and accurate copies of the foregoing, which was filed via the Court's ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 17, 2006.

/s/ Dean Richlin_____
Dean Richlin