UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CONSERVATION LAW FOUNDATION, INC.,**<br><br>                **Plaintiff,**<br><br>   v.<br><br>**MITT ROMNEY, in his official capacity as GOVERNOR OF MASSACHUSETTS, et al.,**<br><br>                **Defendants.** | **C.A. No. 05-10487-NG** |

## <u>MOTION FOR LEAVE TO AMEND ANSWER</u>

In accordance with Fed. R. Civ. P. 15(a), the State Defendants[1] move for leave to file an amended answer in the form of the attached <u>Exhibit A</u>. The proposed amended answer would provide responses to Counts 1 and 5-12 (i.e., Paragraphs 50-54 and 70-123), which were previously unanswered as they were the subject of the State Defendants' Partial Motion to Dismiss. The proposed amended answer also amends the State Defendants' previous responses to Paragraphs 15, 17, 21, 32, and 156 due to certain changes in circumstances, as well as Paragraphs 142-147 as those Paragraphs relate to Counts 17 and 18, which were dismissed pursuant to this Court's March 20, 2006 Order. Given that this case is in the early stages of litigation and that "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ.

---

[1] The State Defendants are the following state officials, sued in their official capacities: the Governor of Massachusetts; the Secretary of the Office for Commonwealth Development; the Chairman of the Commonwealth Development Coordinating Council; the Secretary of the Executive Office of Transportation; the Commissioner of the Massachusetts Highway Department; and the Commissioner of the Department of Environmental Protection.

P. 15(a), the State Defendants respectfully request that this Court allow them to file an amended

answer.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David Hadas_____.
Pierce O. Cray, BBO # 104630
David Hadas, BBO # 641294
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2619
pierce.cray@ago.state.ma.us
david.hadas@ago.state.ma.us

-AND-

William L. Pardee, BBO # 389070
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, Room 1813
Boston, Massachusetts 02108
(617) 727-2200, ext. 2419
bill.pardee@ago.state.ma.us

**Date:  April 17, 2006**

LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2), I certify that I attempted to contact counsel for the plaintiff on the afternoon of April 14, 2006, but was not able to actually confer with counsel by the answer deadline of April 17, 2006 (which is a state holiday).

/s/ David Hadas_____
David Hadas

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CONSERVATION LAW
FOUNDATION, INC.,

                              Plaintiff,

        v.

MITT ROMNEY, in his official
capacity as GOVERNOR OF
MASSACHUSETTS, et al.,

                              Defendants.

C.A. No. 05-10487-NG

<u>STATE DEFENDANTS' SECOND AMENDED ANSWER</u>

The State Defendants[1] answer the allegations of the Complaint as follows:

<u>FIRST DEFENSE</u>

1.      The State Defendants state that the allegations in Paragraph 1 constitute a

description of the plaintiff's purported cause of action to which no response is required.

2.      The State Defendants deny the allegations contained in the first sentence of

Paragraph 2.  The State Defendants state that the allegations contained in the second sentence of

Paragraph 2 constitute conclusions of law and/or legal argument to which no response is

required.

3.      The State Defendants lack knowledge or information sufficient to form a belief as

---

[1]      The State Defendants are the following state officials, sued in their official capacities: the
Governor of Massachusetts; the Secretary of the Office for Commonwealth Development; the
Chairman of the Commonwealth Development Coordinating Council; the Secretary of the
Executive Office of Transportation; the Commissioner of the Massachusetts Highway
Department; and the Commissioner of the Department of Environmental Protection.

to the truth of the allegations contained in Paragraph 3, except that they admit that the CA/T

Project is a highway project that replaced the former six-lane elevated highway (the Central

Artery) with an eight-to-ten-lane underground expressway directly beneath the existing road and

extended I-90 (the Massachusetts Turnpike) from its former terminus south of downtown Boston

through a tunnel beneath South Boston and Boston Harbor to Logan Airport.

4.      The State Defendants state that the allegations contained in the first sentence of

Paragraph 4 constitute conclusions of law and/or legal argument to which no response is

required.  The State Defendants deny the allegations contained in the second, third and fourth

sentences of Paragraph 4.

5.      The State Defendants state that the allegations contained in Paragraph 5 constitute

a description of the plaintiff's purported cause of action to which no response is required.

6-11.   The State Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraphs 6-11.

12.     The State Defendants state that the allegations contained in the first and fourth

sentences of Paragraph 12 constitute conclusions of law and/or legal argument to which no

response is required, except that they admit that the EPA approved the Massachusetts SIP.  The

State Defendants deny the allegations contained in the second and third sentences of Paragraph

12.

13.     The State Defendants lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 13.

14.     The State Defendants admit the allegations contained in the first sentence of

Paragraph 14.  The State Defendants state that the allegations contained in the second sentence

of Paragraph 14 constitute conclusions of law and/or legal argument to which no response is required, except that they admit that the Governor is the Supreme Executive Magistrate of Massachusetts. See pt. 2, c. 2, § 1, art. 1 of the Massachusetts Constitution. The State Defendants state that the allegations contained in the third sentence of Paragraph 14 constitute conclusions of law and/or legal argument to which no response is required.

15.     The State Defendants deny the allegations contained in Paragraph 15 because Douglas Foy resigned as Secretary of the Office for Commonwealth Development and Chair of the Commonwealth Development Coordinating Council in March, 2006.

16.     The State Defendants state that the allegations contained in the first sentence of Paragraph 16 are directed at defendants other than the State Defendants and, therefore, no response is required. The State Defendants state that the allegations contained in the second sentence of Paragraph 16 constitute conclusions of law and/or legal argument to which no response is required.

17.     The State Defendants deny that Daniel Grabauskas is the Secretary of the Executive Office of Transportation or Chairman of the MBTA because Mr. Grabauskas resigned from those offices in April, 2005. The State Defendants state that the allegations contained in the second and third sentences of Paragraph 17 constitute conclusions of law and/or legal argument to which no response is required.

18.     The State Defendants state that the allegations contained in the first sentence of Paragraph 18 are directed at defendants other than the State Defendants and, therefore, no response is required. The State Defendants state that the allegations contained in the second sentence of Paragraph 18 constitute conclusions of law and/or legal argument to which no

response is required.

19.     The State Defendants state that the allegations contained in the first sentence of Paragraph 19 are directed at defendants other than the State Defendants and, therefore, no response is required.  The State Defendants state that the allegations contained in the second and third sentences of Paragraph 19 constitute conclusions of law and/or legal argument to which no response is required.

20.     The State Defendants state that the allegations contained in the first sentence of Paragraph 20 are directed at defendants other than the State Defendants and, therefore, no response is required.  The State Defendants state that the allegations contained in the second sentence of Paragraph 20 constitute conclusions of law and/or legal argument to which no response is required.

21.     The State Defendants deny that John Cogliano is the Commissioner of MHD because he resigned from that office in May, 2005.  The State Defendants state that the remaining allegations contained in the first sentence of Paragraph 21 constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state that the allegations contained in the second sentence of Paragraph 21 constitute conclusions of law and/or legal argument to which no response is required.

22.     The State Defendants admit the allegations contained in the first sentence of Paragraph 22.  The State Defendants state, in answer to the allegations contained in the second sentence of Paragraph 22, that the Administrative Consent Order is a written document that speaks for itself, but, further answering, admit that DEP is a signatory on the Administrative Consent Order dated September 1, 2000.  The State Defendants state that the allegations

4

contained in the third and fourth sentences of Paragraph 22 constitute conclusions of law and/or legal argument to which no response is required.

23.     The State Defendants state that the allegations contained in Paragraph 23 constitute conclusions of law and/or legal argument to which no response is required.

24.     The State Defendants state that the allegations contained in Paragraph 24 constitute conclusions of law and/or legal argument to which no response is required, except that the State Defendants admit that they received CLF's notice of intent to commence this action on or about January 12, 2005 and that a true and correct copy of that document appears as Exhibit 1 to the Complaint, which document is in writing and speaks for itself.

25.     The State Defendants admit the allegations contained in Paragraph 25.

26.     The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except that they admit that the Commonwealth of Massachusetts is not presently a plaintiff in a pending judicial action alleging violations of the CAA against the defendants in a United States or Massachusetts court.

27.     The State Defendants state that the allegations contained in Paragraph 27 constitute conclusions of law and/or legal argument to which no response is required.

28.     The State Defendants state that the allegations contained in Paragraph 28 constitute conclusions of law and/or legal argument to which no response is required.

29.     The State Defendants state that the allegations contained in Paragraph 29 constitute conclusions of law and/or legal argument to which no response is required.

30.     The State Defendants state that the allegations contained in Paragraph 30 constitute conclusions of law and/or legal argument to which no response is required.

31.     The State Defendants state that the allegations contained in Paragraph 31 constitute conclusions of law and/or legal argument to which no response is required.

32.     The State Defendants admit the allegations contained in the first sentence of Paragraph 32.  In answer to the allegations contained in the second sentence of Paragraph 32, the State Defendants deny that Massachusetts is presently designated as in "non-attainment" of the one-hour ozone standard because that standard has been repealed, but admit that at one time Massachusetts was designated as in "non-attainment" of the one-hour ozone standard, and admit that Massachusetts has been designated as in "moderate non-attainment" of the eight-hour ozone standard.  The State Defendants state that the allegations contained in the third and fourth sentences of Paragraph 32 constitute conclusions of law and/or legal argument to which no response is required.

33.     The State Defendants admit that the allegations contained in Paragraph 33 are scientifically accurate, but deny that Paragraph 33 is a complete description of the subject.

34.     The State Defendants admit that the allegations contained in Paragraph 34 are scientifically accurate, but deny that Paragraph 34 is a complete description of the subject.

35.     In response to the allegations contained in the first sentence of Paragraph 35, the State Defendants state that the CA/T Project is a highway project that replaced the former six-lane elevated highway (the Central Artery) with an eight-to-ten-lane underground expressway directly beneath the existing road and extended I-90 (the Massachusetts Turnpike) from its former terminus south of downtown Boston through a tunnel beneath South Boston and Boston Harbor to Logan Airport.  The allegations contained in the second and third sentences of Paragraph 35 constitute conclusions of law and/or legal argument to which no response is

required.

36.     The State Defendants state that the allegations contained in the first sentence of Paragraph 36 constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state that the allegations contained in the second sentence of Paragraph 36 constitute conclusions of law and/or legal argument to which no response is required, except that the State Defendants admit that the Department of Public Works, now MHD, submitted a "preconstruction certification" for the CA/T Project to DEP, which document is in writing and speaks for itself.  The State Defendants admit the allegations contained in the third sentence of Paragraph 36.  The State Defendants state that the allegations contained in the fourth sentence of Paragraph 36 constitute conclusions of law and/or legal argument to which no response is required.

37.     The State Defendants admit the allegations contained in Paragraph 37.

38.     The State Defendants state, in answer to the first and second sentences of Paragraph 38, that the Vent Stack Permit is a written document that speaks for itself.  The State Defendants admit the allegations contained in the third sentence of Paragraph 38.

39.     The State Defendants state that a true and correct copy of the Amended Vent Stack Permit is attached to the Complaint as Exhibit 4, which document is in writing and speaks for itself.

40.     The State Defendants state that the allegations contained in the first and second sentences of Paragraph 40 constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants admit the allegations contained in the third sentence of Paragraph 40.

7

41.     The State Defendants state that the allegations contained in Paragraph 41 constitute conclusions of law and/or legal argument to which no response is required.

42.     The State Defendants state that the Vent Stack Permit is a written document that speaks for itself.

43.     The State Defendants state that the allegations contained in Paragraph 43 constitute conclusions of law and/or legal argument to which no response is required.

44.     The State Defendants deny the allegations contained in Paragraph 44.

45.     The State Defendants state, in answer to the allegations contained in the first and third sentences of Paragraph 45, that the ACO is a written document that speaks for itself.  The State Defendants admit the allegations contained in the second sentence of Paragraph 45.  The State Defendants state that the allegations contained in the fourth sentence of Paragraph 45 constitute conclusions of law and/or legal argument to which no response is required.

46.     The State Defendants state, in answer to the allegations contained in the first sentence of Paragraph 46, that the Amended ACO and the Second Amended ACO are written documents that speaks for themselves.  The State Defendants admit the allegations contained in the second sentence of Paragraph 46.  The State Defendants state that the allegations contained in the third sentence of Paragraph 46 constitute conclusions of law and/or legal argument to which no response is required.

47.     The State Defendants state that the allegations contained in Paragraph 47 constitute conclusions of law and/or legal argument to which no response is required.

48.     The State Defendants state that the allegations contained in Paragraph 48 constitute conclusions of law and/or legal argument to which no response is required.

49.     The State Defendants state that the allegations contained in Paragraph 49 constitute conclusions of law and/or legal argument to which no response is required.

50.     The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

51.     The State Defendants state that the Vent Stack Permit and the Amended Vent Stack Permit are documents in writing and speak for themselves.

52.     The State Defendants state that the allegations contained in Paragraph 52 constitute conclusions of law and/or legal argument to which no response is required.

53.     The State Defendants admit the allegations contained in Paragraph 53.

54.     The State Defendants state that the allegations contained in Paragraph 54 constitute conclusions of law and/or legal argument to which no response is required.

55.     The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

56.     The State Defendants state that the allegations contained in Paragraph 56 relating to the Transit Regulation constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state, in answer to the allegations contained in Paragraph 56 relating to the Vent Stack Permit, that such document is in writing and speaks for itself.

57.     The State Defendants state that the allegations contained in Paragraph 57 constitute conclusions of law and/or legal argument to which no response is required.

58.     In answer to the first sentence of Paragraph 58, the State Defendants admit that platform lengthening has not been completed at State Street station.  Answering further, the State

Defendants state that platform lengthening has been completed at Wonderland Station, Revere Beach, Suffolk Downs, Wood Island, Airport and Aquarium.  The State Defendants state that the allegations contained in the second sentence of Paragraph 58 constitute conclusions of law and/or legal argument to which no response is required.

59.    The State Defendants state that the allegations contained in Paragraph 59 constitute conclusions of law and/or legal argument to which no response is required.

60.    The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

61.    The State Defendants state that the allegations contained in Paragraph 61 constitute conclusions of law and/or legal argument to which no response is required.

62.    The State Defendants state that the allegations contained in Paragraph 62 constitute conclusions of law and/or legal argument to which no response is required.

63.    The State Defendants admit the allegations contained in Paragraph 63.

64.    The State Defendants state that the allegations contained in Paragraph 64 constitute conclusions of law and/or legal argument to which no response is required.

65.    The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

66.    The State Defendants state that the allegations contained in Paragraph 66 relating to the Transit Regulation constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state, in answer to the allegations contained in Paragraph 66 relating to the Vent Stack Permit, that such document is in writing and speaks for itself.

67.     The State Defendants state that the allegations contained in Paragraph 67 constitute conclusions of law and/or legal argument to which no response is required.

68.     The State Defendants state that the allegations contained in Paragraph 68 constitute conclusions of law and/or legal argument to which no response is required, although the State Defendants admit that, to date, the Old Colony Greenbush Line has not been completed.

69.     The State Defendants state that the allegations contained in Paragraph 69 constitute conclusions of law and/or legal argument to which no response is required.

70.     The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

71.     The State Defendants state that the allegations contained in Paragraph 71 relating to the Transit Regulation constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state, in answer to the allegations contained in Paragraph 71 relating to the Vent Stack Permit, that such document is in writing and speaks for itself.

72.     The State Defendants state that the allegations contained in Paragraph 72 constitute conclusions of law and/or legal argument to which no response is required.

73.     The State Defendants state, in answer to the allegations contained in the first and second sentences of Paragraph 73, that the MBTA's 2005 Capital Investment Program is a document in writing and speaks for itself.  The State Defendants admit the allegations contained in the third sentence of Paragraph 73, but deny that there is a present obligation to have performed "substantial work" with respect to the Red-Blue Connector.

11

74.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74.

75.    The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76.    The State Defendants state that the allegations contained in Paragraph 76 constitute conclusions of law and/or legal argument to which no response is required.

77.    The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

78.    The State Defendants state that the allegations contained in Paragraph 78 relating to the Transit Regulation constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants state, in answer to the allegations contained in Paragraph 78 relating to the Vent Stack Permit and Amended Vent Stack Permit, that such documents are in writing and speak for themselves.

79.    The State Defendants state that the allegations contained in Paragraph 79 constitute conclusions of law and/or legal argument to which no response is required.

80.    The State Defendants state, in answer to the allegations contained in the first and second sentences of Paragraph 80, that the MBTA's 2005 Capital Investment Program is a document in writing and speaks for itself.  The State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 80.

81.    The State Defendants deny the allegations contained in Paragraph 81.

82.    The State Defendants lack knowledge or information sufficient to form a belief as

12

to the truth of the allegations contained in Paragraph 82.

83.     The State Defendants state that the allegations contained in Paragraph 83 constitute conclusions of law and/or legal argument to which no response is required.

84.     The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

85.     The State Defendants state that the Vent Stack Permit is a written document that speaks for itself.

86.     The State Defendants state that the allegations contained in Paragraph 86 constitute conclusions of law and/or legal argument to which no response is required. Answering further, the State Defendants state that the Vent Stack Permit is a document in writing and speaks for itself.

87.     The State Defendants state that the Vent Stack Permit and Amended Vent Stack Permits are written documents that speak for themselves.

88.     The State Defendants admit that the Washington Street Replacement Service was completed in July, 2002, but deny the remaining allegations contained in the first sentence of Paragraph 88.  The State Defendants deny the allegations contained in the second sentence of Paragraph 88.

89.     The State Defendants state that the allegations contained in Paragraph 89 constitute conclusions of law and/or legal argument to which no response is required.

90.     The State Defendants deny the allegations contained in Paragraph 90.

91.     The State Defendants state that the allegations contained in Paragraph 91 constitute conclusions of law and/or legal argument to which no response is required.

92.     The State Defendants restate and incorporate by reference Paragraphs 1-49, 85 and 86 of this Answer as if fully set forth herein.

93.     The State Defendants state that the Vent Stack Permit and Amended Vent Stack Permits are written documents that speak for themselves.

94.     The State Defendants admit the allegations contained in Paragraph 94.

95.     The State Defendants deny the allegations contained in Paragraph 95.

96.     The State Defendants state that the allegations contained in Paragraph 96 constitute conclusions of law and/or legal argument to which no response is required.

97.     The State Defendants deny the allegations contained in Paragraph 97.

98.     The State Defendants state that the allegations contained in Paragraph 98 constitute conclusions of law and/or legal argument to which no response is required.

99.     The State Defendants restate and incorporate by reference Paragraphs 1-49, 85 and 86 of this Answer as if fully set forth herein.

100.     The State Defendants deny the allegations contained in the first sentence of Paragraph 100.  The State Defendants state, in answer to the second sentence of Paragraph 100, that the Vent Stack Permit and Amended Vent Stack Permit are written documents that speak for themselves.  The State Defendants admit the allegations contained in the third sentence of Paragraph 100.

101.     The State Defendants deny the allegations contained in Paragraph 101.

102.     The State Defendants state that the allegations contained in Paragraph 102 constitute conclusions of law and/or legal argument to which no response is required.

103.     The State Defendants deny the allegations contained in Paragraph 103.

104.    The State Defendants state that the allegations contained in Paragraph 104 constitute conclusions of law and/or legal argument to which no response is required.

105.    The State Defendants restate and incorporate by reference Paragraphs 1-49, 85 and 86 of this Answer as if fully set forth herein.

106.    The State Defendants deny the allegations contained in the first sentence of Paragraph 106.  The State Defendants state, in answer to the second sentence of Paragraph 106, that the Vent Stack Permit and Amended Vent Stack Permit are written documents that speak for themselves.

107.    The State Defendants admit that platform lengthening has not been completed at State Street station.  Answering further, the State Defendants state that platform lengthening has been completed at Wonderland Station, Revere Beach, Suffolk Downs, Wood Island, Airport and Aquarium.

108.    The State Defendants deny the allegations contained in Paragraph 108.

109.    The State Defendants state that the allegations contained in Paragraph 109 constitute conclusions of law and/or legal argument to which no response is required.

110.    The State Defendants deny the allegations contained in Paragraph 110.

111.    The State Defendants state that the allegations contained in Paragraph 111 constitute conclusions of law and/or legal argument to which no response is required.

112.    The State Defendants restate and incorporate by reference Paragraphs 1-49, 85 and 86 of this Answer as if fully set forth herein.

113.    The State Defendants deny the allegations contained in the first sentence of Paragraph 113.  The State Defendants state, in answer to the second sentence of Paragraph 113,

that the Vent Stack Permit is a written document that speaks for itself.

114.    The State Defendants deny the allegations contained in Paragraph 114.

115.    The State Defendants state that the allegations contained in Paragraph 115 constitute conclusions of law and/or legal argument to which no response is required.

116.    The State Defendants deny the allegations contained in Paragraph 116.

117.    The State Defendants state that the allegations contained in Paragraph 117 constitute conclusions of law and/or legal argument to which no response is required.

118.    The State Defendants restate and incorporate by reference Paragraphs 1-49, 85 and 86 of this Answer as if fully set forth herein.

119.    The State Defendants deny the allegations contained in the first sentence of Paragraph 119.  The State Defendants state, in answer to the second sentence of Paragraph 119, that the Vent Stack Permit is a written document that speaks for itself.  The State Defendants state, in answer to the third sentence of Paragraph 119, that the Vent Stack Permit is a written document that speaks for itself and, further answering, incorporate their answers to Paragraphs 73 and 75.

120.    The State Defendants deny the allegations contained in Paragraph 120.

121.    The State Defendants state that the allegations contained in Paragraph 121 constitute conclusions of law and/or legal argument to which no response is required.

122.    The State Defendants deny the allegations contained in Paragraph 122.

123.    The State Defendants state that the allegations contained in Paragraph 123 constitute conclusions of law and/or legal argument to which no response is required.

124.    The State Defendants restate and incorporate by reference Paragraphs 1-49 of this

Answer as if fully set forth herein.

125.    The State Defendants state that the allegations contained in Paragraph 125 constitute conclusions of law and/or legal argument to which no response is required.

126.    The State Defendants state that the allegations contained in Paragraph 126 constitute conclusions of law and/or legal argument to which no response is required.

127.    The State Defendants deny the allegations contained in Paragraph 127.

128.    The State Defendants state that the allegations contained in the first sentence of Paragraph 128 constitute conclusions of law and/or legal argument to which no response is required.  In answer to the second sentence of Paragraph 128, the State Defendants admit that platform lengthening has not been completed at State Street station.  Answering further, the State Defendants state that platform lengthening has been completed at Wonderland Station, Revere Beach, Suffolk Downs, Wood Island, Airport and Aquarium.

129.    The State Defendants state that the allegations contained in Paragraph 129 constitute conclusions of law and/or legal argument to which no response is required.

130.    The State Defendants restate and incorporate by reference Paragraphs 1-49, 125 and 126 of this Answer as if fully set forth herein.

131.    The State Defendants deny the allegations contained in Paragraph 131.

132.    The State Defendants state that the allegations contained in the first sentence of Paragraph 132 constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants admit the allegations contained in the second sentence of Paragraph 132.

133.    The State Defendants state that the allegations contained in Paragraph 133

constitute conclusions of law and/or legal argument to which no response is required.

134.    The State Defendants restate and incorporate by reference Paragraphs 1-49, 125 and 126 of this Answer as if fully set forth herein.

135.    The State Defendants deny the allegations contained in Paragraph 135.

136.    The State Defendants state that the allegations contained in the first sentence of Paragraph 136 constitute conclusions of law and/or legal argument to which no response is required.  The State Defendants admit the allegations contained in the second sentence of Paragraph 136.

137.    The State Defendants state that the allegations contained in Paragraph 137 constitute conclusions of law and/or legal argument to which no response is required.

138.    The State Defendants restate and incorporate by reference Paragraphs 1-49 of this Answer as if fully set forth herein.

139.    The State Defendants state that the allegations contained in Paragraph 139 constitute conclusions of law and/or legal argument to which no response is required.

140.    The State Defendants state that the ACO is a written document that speaks for itself.

141.    The State Defendants state that the allegations contained in Paragraph 141 constitute conclusions of law and/or legal argument to which no response is required.

142-147.  The State Defendants state that it is unnecessary to respond to the allegations contained in Paragraphs 142-147 because they relate to Counts Seventeen and Eighteen, which were dismissed by the Court in its March 20, 2006 Order.

148.    The State Defendants restate and incorporate by reference Paragraphs 1-49 and

139 of this Answer as if fully set forth herein.

149.    The State Defendants state that the ACO is a written document that speaks for itself.

150.    The State Defendants admit the allegations contained in Paragraph 150, but deny any legal requirement to have secured federal funding for Silver Line Phase III or identified or undertaken an urban transit investment.

151.    The State Defendants state that the allegations contained in Paragraph 151 constitute conclusions of law and/or legal argument to which no response is required.

152.    The State Defendants restate and incorporate by reference Paragraphs 1-49 and 139 of this Answer as if fully set forth herein.

153.    The State Defendants deny the allegations contained in Paragraph 153.

154.    The State Defendants state that the allegations contained in Paragraph 154 constitute conclusions of law and/or legal argument to which no response is required.

## SECOND DEFENSE

155.    The Court lacks subject matter jurisdiction over Counts 1, 7-12 and 19-20 against Defendants Grabauskas, Cogliano and Golledge (as well as any other claims based in part on alleged violations of State orders) under the Eleventh Amendment of the United States Constitution.

## THIRD DEFENSE

156.    The Court lacks subject matter jurisdiction over all Counts against Defendant Romney and any successor official to Defendant Foy under the Eleventh Amendment of the United States Constitution, as construed in <u>Shell Oil v. Noel</u>, 608 F.2d 208 (1st Cir 1979).

## FOURTH DEFENSE

157.    The Court lacks subject matter jurisdiction over any claim to the extent it relies on allegations of violations of the Clean Air Act that occurred wholly in the past.

## FIFTH DEFENSE

158.    The Plaintiff may not maintain this action because Massachusetts is diligently prosecuting an action to require compliance with the standards, limitations, and orders Plaintiff seeks to enforce in this action.

## SIXTH DEFENSE

159.    The Plaintiff lacks standing to assert this action.

## SEVENTH DEFENSE

160.    The Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

WHEREFORE, the State Defendants respectfully pray that this Court:

1.    Enter judgment for the State Defendants and award them their costs and disbursements in defending against this action; and

2.    Order such other and further relief as this Court may determine to be just and proper.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ David Hadas
Pierce O. Cray, BBO # 104630
David Hadas, BBO # 641294
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, Massachusetts 02108
(617) 727-2200, ext. 2619
pierce.cray@ago.state.ma.us
david.hadas@ago.state.ma.us

-AND-

William L. Pardee, BBO # 389070
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, Room 1813
Boston, Massachusetts 02108
(617) 727-2200, ext. 2419
bill.pardee@ago.state.ma.us

**Date:  April 17, 2006**