UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

CONSERVATION LAW FOUNDATION, INC.,    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )        C.A. No.  05-10487/NG
                                       )
MITT ROMNEY, in his official capacity as )
GOVERNOR OF MASSACHUSETTS, et al.,     )
                                       )
                    Defendants.        )
_____)


**AFFIDAVITS OF DAVID VEATOR AND JAMEY L. TESLER**
**[LEAVE TO FILE GRANTED ON SEPTEMBER 12, 2006]**

Pursuant to this Court's Electronic Order of September 12, 2006, the Commonwealth of

Massachusetts and the Massachusetts Bay Transportation Authority Defendants ("Defendants")

hereby submit the affidavits of David Veator and Jamey L. Tesler.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY AND DANIEL GRABAUSKAS

By their attorneys

/s/ Dean Richlin_____
Dean Richlin (BBO# 419200)
Elisabeth DeLisle (BBO# 658067)
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
drichlin@foleyhoag.com
edelisle@foleyhoag.com

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Pierce O. Cray (by permission /s/ Dean Richlin)
Pierce O. Cray (BBO# 104630)
David Hadas (BBO# 641294)
Assistant Attorney Generals
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200 x2619
pierce.cray@ago.state.ma.us
david.hadas@ago.state.ma.us

-AND-

William L. Pardee (BBO# 389070)
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200 x2419
bill.pardee@ago.state.ma.us

DATED:  September 12, 2006

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CONSERVATION LAW
FOUNDATION, INC.,**

                              **Plaintiff,**

**v.**

**MITT ROMNEY, in his official
capacity as GOVERNOR OF
MASSACHUSETTS, et al.,**

                              **Defendants.**

C.A. No. 05-10487-NG

### AFFIDAVIT OF DAVID VEATOR

I, David Veator, on oath depose and state as follows:

1.      I am General Counsel for the Massachusetts Executive Office of
Transportation (EOT).

2.      In connection with this case, I have conducted an initial evaluation as to
the volume of hard-copy documents and records maintained by EOT that must be
reviewed in order to respond to anticipated document requests propounded by the
plaintiff.  Based on this initial evaluation, I make the following estimates:

A.      Approximately 6 EOT staff members currently maintain potentially-
relevant documents in their respective "active" files.

B.      In addition to the files of current employees, EOT maintains over 250
boxes  containing the files  of former employees who may have worked on
the matters underlying this case and that therefore may contain responsive
material.

D.    EOT also maintains more dated material in trailers at an off-site location in Concord.  Based on information provided to me by EOT staff, I understand that there are approximately 2,000 boxes of such documents at the off-site location.  Given that this case has its origins in 1990 (particularly, the signing of the December 19, 1990 "Memorandum of Understanding"), there may be responsive documents (particularly those from the early 1990s) within these 2,000 boxes.

3.    Given that many of the files described above have been "archived," I expect that searching them for documents relevant to the particular projects at issue in this case would be a very difficult and time-consuming effort.

4.    The task of locating relevant documents will be complicated by the fact that, since 1990, numerous different secretaries have headed EOT, each assisted by separate sets of staff members who likely maintained their own individual files.

5.    EOT also oversees the Central Transportation Planning Staff (CTPS), which provides technical and policy-analysis support to various transportation agencies,. Among its other activities, CTPS has conducted air-quality studies relating to the Central Artery/Tunnel project as well as the mass transit projects that are the subject of this case.

6.    Based on information provided to me, it is estimated that CTPS maintains an additional approximate 110 boxes of potentially-relevant documents and records.

Signed under the pains and penalties of perjury this 11th day of September, 2006.

David Veator

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-10487/NG |
| | ) | |
| MITT ROMNEY, in his official capacity as | ) | |
| GOVERNOR OF MASSACHUSETTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JAMEY L. TESLER

I, Jamey L. Tesler, hereby depose and state as follows:

1.     I am Deputy General Counsel for the Massachusetts Bay Transportation Authority (the "MBTA"). I make this affidavit in support of the MBTA's position regarding the duration of the period for fact discovery described in the parties' Joint Statement Regarding Discovery Schedule and Stipulations of Fact. More specifically, the MBTA seeks a twelve month period for factual discovery of all issues in this action and opposes the Plaintiff's request for a six month period on the issues of standing and liability only. It does so, in part, because of the substantial time and expense that the MBTA will incur to respond to Plaintiff's anticipated discovery requests.

2.     In my position as Deputy General Counsel for the MBTA, I am responsible for overseeing the MBTA's defense of this action, and, accordingly, I am familiar with the claims and defenses involved in this action. In my position as Deputy General Counsel for the MBTA, I am also familiar with the MBTA's document management practices generally and those practices that apply specifically to the documents that may be relevant to the issues in this action.

3.    The MBTA's document management practices are varied.  There is no single individual employed by the MBTA who has the responsibility for controlling all of the documents that are in the possession, custody or control of the MBTA.  Moreover, there is no single, uniform and comprehensive system to control, track or catalogue documents.  Additionally, the MBTA is organized by departments.  Departments do not utilize one uniform methodology for document control.  Furthermore, departments tend to locate documents for storage in department-specific locations.  Finally, the MBTA makes only modest use of automation or electronic databases to control, track or catalogue its documents.  As a result, the identification and location of documents depends largely on manual, location-by-location, employee-by-employee search techniques.

4.    As a result of the pendency of this action, I have undertaken to familiarize myself with the approximate volume and the locations of MBTA documents that may be relevant to the claims and/or defenses in this action.  In undertaking this effort, I have been assisted by outside counsel, other members of the MBTA's Law Department, and other MBTA employees.

5.    This action relates to nine separate transit projects (the "Transit Projects") described in various regulations, certifications and/or administrative consent orders dating from as early as 1991.  This action further involves a number of additional transit projects, including interim substitutes and mitigation projects (the "Interim Measures"), that were, are being, or will be undertaken to compensate for delays in the implementation of one or more of the Transit Projects.  Each Transit Project involves construction of a major transportation facility or procurement of complex mass transportation vehicles, or both.  The estimated cost of each Project is in the tens or hundreds of millions of dollars.  All or some of the Interim Measures

likewise involve construction or procurement or both.  Each Transit Project and Interim Measure incorporates the work of several MBTA departments, each with distinct document storage areas.

6.    Due to the number, complexity, cost and duration of the Transit Projects and Interim Measures, the expected quantity of documents is, not surprisingly, vast and not fully determined.  Due the quantity of documents at issue and the MBTA's document management practices, the anticipated time, effort and expense to identify, locate and review relevant documents will be substantial.

7.    It is my understanding that documents that may be relevant to the claims and/or defenses in this action, may be found in a number of facilities, including:  MBTA Offices at 10 Park Plaza, Boston, MA  02216; MBTA Offices at 500 Arborway, Jamaica Plain, MA  02130; MBTA Offices, 45 High Street, Boston, MA  02210; MBTA Offices, Vehicle Engineering Department, 80 Broadway, Everett, MA  02149; MBTA Offices, 2 Arlington Ave., Charlestown, MA  02129; Weymouth Project Office, 1580 Commercial Street, Weymouth, MA  02189; MBTA Bus Terminal, 477 Salem Street, Medford, MA  02148.

8.    It is my understanding that active files are maintained in a variety of ways.  For instance, construction contract documents pertaining to the applicable Transit Projects and Interim Measures are maintained by the Contract Administration Department in a large room in the MBTA's offices at 10 Park Plaza.  These documents are organized by contract number but are not otherwise indexed.  The quantity of documents at this location is undetermined.

9.    Additionally, by way of example, vehicle procurement contract documents pertaining to the applicable Transit Projects and Interim Measures are maintained in a separate office in the MBTA's offices at 10 Park Plaza.  Additional documents pertaining to vehicle procurements are located in separate storage units in Everett and Charlestown.  These documents

too are organized by contract number but are not otherwise indexed. The quantity of documents in each of these three locations is undetermined.

10.    In addition to the active documents described above, many current MBTA employees with responsibilities for the Transit Projects and or Interim Measures maintain their own files. The MBTA specifically identified in its Initial Disclosures approximately thirty current MBTA employees who are likely to have discoverable information. Files maintained by these employees are not centrally indexed, nor are they kept according to a uniform classification system. MBTA employees, on their own, may or may not create indices and descriptions for the files they maintain. The quantity of documents maintained in the offices of these approximately thirty MBTA employees or that may have been sent to storage areas by those employees is undetermined. In addition, the MBTA has thousands of other employees, distributed among numerous work sites and locations, some of whom are also likely to have documents that may be relevant to the claims and/or defenses in this action. In addition, the MBTA utilizes the services of many independent construction contractors and consultants to undertake work necessary to complete the Transit Projects and Interim Measures, and these construction contractors and consultants maintain significant document control responsibilities for projects.

11.    Documents pertaining to the Greenbush Rail Line are located in the Weymouth Project Office of the Cashman Balfour Beatty Joint Venture. These documents, as of June 2006 approximately 12,000 in number, are catalogued in an electronic index.

12.    In addition to the active files described above, the MBTA has a large quantity of inactive files pertinent to this case. The MBTA's Document Control Manager for the Design and Construction Department has identified approximately 1600 boxes of documents likely to be relevant to the claims and defenses at issue in this action. These documents are located in the

MBTA Offices in Jamaica Plain and Medford. Electronic indices exist for these boxes but vary in detail based on the detail provided by the MBTA employee who had possession of the documents prior to their being sent to archives at that facility. Where no detail was provided by the MBTA employee (the case for many of the stored boxes), the MBTA's Document Control Manager for the Design and Construction Department typically indexed the boxes solely on the basis of the contract number of the project to which they relate with no other descriptive information.

13.    Finally, MBTA storage areas may contain inactive files of current or former employees. Other than such of those files that are within the custody of the MBTA's Document Control Manager for the Design and Construction Department, the quantity of such files is undetermined, whether indices exist for such files is unknown, and such files might be found in any one of the MBTA's various storage areas.

Signed under the pains and penalties of perjury this ___11th___ day of September 2006.

_____
Jamey L. Tesler

B3253128.1

- 5 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
CONSERVATION LAW FOUNDATION, INC.    )
                                      )
                Plaintiff,            )
                                      )
v.                                    )        C.A. No.  05-10487/NG
                                      )
MITT ROMNEY, in his official capacity as    )
GOVERNOR OF MASSACHUSETTS, et al.,    )
                                      )
                Defendants.           )
_____)

CERTIFICATE OF SERVICE

        I hereby certify that true and accurate copies of the following, which were filed via the
Court's ECF system, will be sent electronically by the ECF system to the registered participants
as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those
indicated as non-registered participants on September 12, 2006:

        1.    Affidavits of David Veator and Jamey Tesler [Leave to File
Granted on September 12, 2006]; and,

        2.    this Certificate of Service.

                                    /s/ Dean Richlin_____
                                    Dean Richlin (BBO #419200)
                                    Foley Hoag LLP
                                    Seaport World Trade Center West
                                    155 Seaport Boulevard
                                    Boston, MA  02210
                                    (617) 832-1000

September 12, 2006

B3253797.1