UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-10487-NG |
| MITT ROMNEY, in his Official Capacity as GOVERNOR OF MASSACHUSETTS, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**STATE DEFENDANTS'**
**ASSENTED-TO MOTION TO AMEND ANSWER**

Pursuant to Fed. R. Civ. P. 15(a), and with the assent of the plaintiff, the State Defendants[1] move for leave to serve a Third Amended Answer that adds several defenses. The State Defendants attach a copy of their [Proposed] Third Amended Answer as Exhibit A. As grounds for their Motion, the State Defendants state:

1.  The State Defendants wish to assert several equitable defenses, such as estoppel, quasi-estoppel, and acquiescence, in response to the plaintiff's claim that the original and amended "ACO's" (as defined in the Complaint) failed to comply with asserted requirements regarding project delay and substitution in the Transit Regulation, Vent Stack Regulation, Vent Stack Permit, and Amended Vent Stack Permit (as also defined in the Complaint).  See, e.g.,

---

[1] The State Defendants are the defendants Governor of Massachusetts, Secretary of the Office for Commonwealth Development, Chairman of the Commonwealth Development Coordinating Council, Secretary of the Executive Office of Transportation; Commissioner of the Massachusetts Highway Department, and Commissioner of the Department of Environmental Protection, all of whom are described by their official titles pursuant to Fed. R. Civ. P. 25(d)(2).

<u>Conservation Law Found., Inc. v. Romney</u>, 421 F. Supp. 2d 344, 352-54 (D. Mass. 2006) (posing issue of whether ACO or Second Amended ACO complied with provisions in Vent Stack Regulation, Vent Stack Permit, or Amended Vent Stack Permit).  The State Defendants also wish to assert that these equitable defenses preclude the plaintiff from maintaining any claim for "intermim mitigation" for the period prior to the original ACO.  The State Defendants additionally wish to assert defenses that the plaintiff did not comply in certain respects with the notice requirement of 42 U.S.C. § 7604(b).  The sole changes to be effected by the attached [Proposed] Third Amended Answer are to add these defenses.

     2.     Rule 15(a) is unequivocal that "leave [to amend] shall be freely given when justice so requires."  Here the State Defendants wish to add several substantive defenses in a case of great public importance, where the claims should be resolved on the merits if at all possible.  The State Defendants raise these additional defenses only a little way into the discovery period and less than five weeks after service of the plaintiff's initial document request.  The plaintiff will have ample time in which to conduct fact discovery into these defenses and hence would suffer no prejudice by the requested amendment.

     3.     The plaintiff in fact assents to this Motion to Amend, although it of course intends to contest the new defenses on the merits at the time of summary judgment or trial.

For the foregoing reasons, the State Defendants respectfully request that the Court allow State Defendants' Motion to Amend Answer.

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Pierce O. Cray
Pierce O. Cray, BBO # 104630
David Hadas, BBO # 641294
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200 ext. 2084

William L. Pardee, BBO # 389070
Assistant Attorney General
Environmental Protection Division
One Ashburton Place, Room 1813
Boston, MA 02108
(617) 727-2200 ext. 2419

Date: November 16, 2006

## LOCAL RULE 7.1 CERTIFICATION

I certify that on November 14, 2006 I conferred with Peter Shelley, counsel for the plaintiff, and that he assented to this Motion.

/s/ Pierce O. Cray
Pierce O. Cray
Assistant Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  CIVIL ACTION NO. 05-10487-NG |
| MITT ROMNEY, in his Official Capacity as<br>GOVERNOR OF MASSACHUSETTS, et al., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**[PROPOSED] STATE DEFENDANTS'**
**THIRD AMENDED ANSWER**

Pursuant to Fed. R. Civ. P. 15(a), the State Defendants[1] amend their Second Amended Answer, as filed with the Court on April 20, 2006, by adding the following defenses immediately after Paragraph 160 and immediately before the Prayer for Relief:

**EIGHTH DEFENSE**

161.    The doctrine of equitable estoppel precludes the plaintiff from either (a) making any "interim mitigation" claim for the period prior to the ACO or (b) maintaining that the ACO, Amended ACO, or Second Amended ACO failed to comply with any requirements in the Transit Regulation, Vent Stack Regulation, Vent Stack Permit, or Amended Vent Stack Permit regarding project delay or substitution.

---

[1]    The State Defendants are the defendants Governor of Massachusetts, Secretary of the Office for Commonwealth Development, Chairman of the Commonwealth Development Coordinating Council, Secretary of the Executive Office of Transportation; Commissioner of the Massachusetts Highway Department, and Commissioner of the Department of Environmental Protection, all of whom are described by their official titles pursuant to Fed. R. Civ. P. 25(d)(2).

**NINTH DEFENSE**

162. The doctrine of quasi-estoppel precludes the plaintiff from either (a) making any "interim mitigation" claim for the period prior to the ACO or (b) maintaining that the ACO, Amended ACO, or Second Amended ACO failed to comply with any requirements in the Transit Regulation, Vent Stack Regulation, Vent Stack Permit, or Amended Vent Stack Permit regarding project delay or substitution.

**TENTH DEFENSE**

163. The doctrine of acquiescence (or estoppel by acquiescence) precludes the plaintiff from either (a) making any "interim mitigation" claim for the period prior to the ACO or (b) maintaining that the ACO, Amended ACO, or Second Amended ACO failed to comply with any requirements in the Transit Regulation, Vent Stack Regulation, Vent Stack Permit, or Amended Vent Stack Permit regarding project delay or substitution.

**ELEVENTH DEFENSE**

164. The doctrine of laches precludes the plaintiff from either (a) making any "interim mitigation" claim for the period prior to the ACO or (b) maintaining that the ACO or Amended ACO failed to comply with any requirements in the Transit Regulation, Vent Stack Regulation, Vent Stack Permit, or Amended Vent Stack Permit regarding project delay or substitution.

**TWELTH DEFENSE**

165. Failure to give adequate notice pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. § 54.3(b) precludes the plaintiff from maintaining that the ACO or Amended ACO failed to comply with any requirements in the Transit Regulation, Vent Stack Regulation, Vent Stack Permit, or Amended Vent Stack Permit regarding project delay or substitution.

**THIRTEENTH DEFENSE**

166.   Failure to give adequate notice pursuant to 42 U.S.C. § 7604(b) and 40 C.F.R. § 54.3(b) bars the claims in Counts 1-2, 5-6, 8-10, and 12-13 of the Complaint.

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Pierce O. Cray
| | |
|---|---|
| Pierce O. Cray, BBO # 104630 | William L. Pardee, BBO # 389070 |
| David Hadas, BBO # 641294 | Assistant Attorney General |
| Assistant Attorneys General | Environmental Protection Division |
| Government Bureau | One Ashburton Place, Room 1813 |
| One Ashburton Place, Room 2019 | Boston, MA 02108 |
| Boston, MA 02108 | (617) 727-2200 ext. 2419 |
| (617) 727-2200 ext. 2084 | |

Date: November 16, 2006