UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MITT ROMNEY, in his official capacity as )<br>GOVERNOR OF MASSACHUSETTS, et al., )<br>)<br>Defendants. )<br>) | C.A. No. 05-10487/NG |

## JOINT MOTION FOR ENDORSEMENT OF STIPULATION

In order to facilitate discovery in a timely manner while protecting any claims the Parties may have as to information protected by the attorney-client privilege, work product protection and/or any other applicable privilege, the Parties to the above-referenced matter have entered into the attached Stipulation as to the Preservation of Privileges and Protections (the "Stipulation"). The Parties respectfully request that the Court enter an order approving and endorsing the Stipulation.

Respectfully submitted,

For the Plaintiffs,

/s/ Carrie Russell
Carrie Russell (BBO# 660442)
Eloise Lawrence (BBO# 655764)
Peter Shelley (BBO# 54434)
Conservation Law Foundation
62 Summer Street
Boston, MA 02110
(617) 350-0990
crussell@clf.org
elawrence@clf.org
pshelley@clf.org

B3281960.1

- 2 -

        For the Massachusetts Turnpike Defendants,


        /s/ Timothy Dacey
        Timothy Dacey (BBO # 111800)
        Gary M. Ronan (BBO # 653899)
        Goulston & Storrs, P.C.
        400 Atlantic Avenue
        Boston, MA 02110-3333
        (617) 482-1776
        tdacey@goulstonstorrs.com
        gronan@goulstonstorrs.com



        For the MBTA Defendants,


        /s/ Elisabeth DeLisle
        Dean Richlin (BBO # 419200)
        Elisabeth Delisle (BBO # 658067)
        Foley Hoag LLP
        Seaport World Trade Center
        155 Seaport Boulevard
        Boston, MA 02210
        (617) 832-1000
        drichlin@foleyhoag.com
        edelisle@foleyhoag.com



        For the State Defendants,
        THOMAS F. REILLY
        ATTORNEY GENERAL


        /s/ Pierce O. Cray
        Pierce O. Cray (BBO # 104630)
        David Hadas (BBO # 641294)
        Assistant Attorneys General
        Government Bureau
        One Ashburton Place, Room 2019
        Boston, MA 02108
        (617) 727-2200 ext. 2084
        Pierce.cray@ago.state.ma.us
        David.hadas@ago.state.ma.us

- 3 -

                                      William L. Pardee (BBO # 389070)
                                      Assistant Attorney General
                                      Environmental Protection Division
                                      100 Cambridge Street
                                      Boston, MA 02114
                                      (617) 727-2200 ext. 2419
                                      Bill.pardee@ago.state.ma.us

Dated: November 16, 2006

B3281960.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MITT ROMNEY, in his official capacity as ) <br> GOVERNOR OF MASSACHUSETTS, et al., ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 05-10487/NG |

**STIPULATION AS TO THE PRESERVATION OF PRIVILEGES AND PROTECTIONS**

In order to facilitate discovery in a timely manner while protecting any claims the Parties may have as to information protected by the attorney-client privilege, work product protection and/or any other applicable privilege, the Parties to the above-referenced matter hereby stipulate that:

1. The Parties shall use reasonable efforts, viewed in light of the number of potentially responsive documents requested and the resource burdens facing the responding Party, to identify information protected by the attorney-client privilege, work product protection and/or any other applicable privilege. However, any Party from whom discovery is sought may produce requested materials for initial inspection by Requesting Counsel without waiving any privilege or protection. Requesting Counsel shall then designate the particular documents that they wish to have copied. Those documents will be copied at the expense of Requesting Counsel and will be billed at cost. Any documents withheld from production on the basis of attorney-client privilege, work product protection and/or any other applicable privilege shall be identified in a privilege log in accordance with Fed. R. Civ. P. 26(b)(5). The privilege log shall be provided during or shortly after the copying phase of production.

B3267429.6

2.      To the extent information protected by the attorney-client privilege, work product protection and/or any other applicable privilege is contained in any document produced for initial inspection, such disclosure shall be deemed to be an inadvertent disclosure and shall not be deemed a waiver in whole or in part of the Party's claim of attorney-client privilege, work product protection or any other applicable privilege, either as to the specific document or information disclosed or as to any other document or information relating to it or on the same or a related subject matter.

3.      To the extent information protected by the attorney-client privilege, work product protection and/or any other applicable privilege is contained in any documents that are copied and given to Requesting Counsel, any inadvertent production of such documents shall not be deemed a waiver in whole or in part of a Party's claim of privilege or work product protection, either as to the specific document or information disclosed or as to any other document or information relating to it or on the same or a related subject matter.

4.      If any document or material containing information protected by the attorney-client privilege, work product protection and/or any other applicable privilege is copied and given to Requesting Counsel and the Court later determines that the production resulted in waiver of the privilege, such waiver shall be limited in scope to the specific document or material produced.  In no event shall such production constitute a waiver of any privilege or other protection as to the subject matter of the document or material disclosed.

5.      Requesting Counsel shall not use or disclose to third-parties the information contained in materials provided to Requesting Counsel for initial examination until after copies of those documents have been produced to Requesting Counsel.  To the extent that materials that are provided to Requesting Counsel for initial inspection are withheld from production based on

a claim that the materials are protected by the attorney-client privilege, work product protection and/or any other applicable privilege, Requesting Counsel may not use or disclose the information contained in such materials until the claim is resolved.

6.      In the event that materials protected by the attorney-client privilege, work product protection and/or any other applicable privilege are inadvertently produced by any Party to this proceeding, the Party may, within a reasonable time, request that the document be returned.  In the event that such a request is made, all Parties to the litigation and their counsel shall, regardless of whether the receiving Party agrees or disagrees with the claim of privilege, return all copies of the document in their possession, custody, or control to the producing Party within five (5) calendar days and shall not retain or make any copies.  However, a receiving Party may promptly present the information to the Court under seal for a determination of the claim.  The receiving Party shall not use or disclose the information until the claim is resolved.  If the receiving Party disclosed the information prior to being notified of the claim of privilege, it must take reasonable steps to retrieve it.

7.      In the event that a receiving Party obtains documents or other materials from a producing Party that it believes might be or might have been protected by the attorney-client, work product protection and/or any other applicable privilege, the receiving Party shall notify the producing Party and either return the materials or tender them to the Court for resolution of the privilege waiver question, if such a question exists.

8.      As used in this stipulation, the terms "Party," "Parties" and "Requesting Counsel" shall include any and all individuals acting on behalf of the Party, Parties and/or Requesting Counsel, including but not limited to their agents and employees, who assist with discovery or are otherwise involved in this matter.

9. This stipulation shall be binding on the Parties and any and all individuals acting on their behalf, including but not limited to their agents and employees, who assist with discovery or are otherwise involved in this matter. Any Party or Requesting Counsel who makes use of agents or employees to assist it in its review of documents in this matter shall require each such agent or employee to agree to the terms and conditions of this stipulation prior to the agent or employee commencing his work.

10. The Parties shall move jointly to respectfully request an order of the Court effectuating the above stipulation.

Signed and effective as of the 16th day of November, 2006.

For CONSERVATION LAW FOUNDATION, INC.,


/s/ Carrie Russell
Carrie Russell (BBO# 660442)
Eloise Lawrence (BBO# 655764)
Peter Shelley (BBO# 54434)
Conservation Law Foundation
62 Summer Street
Boston, MA 02110
(617) 350-0990
crussell@clf.org
elawrence@clf.org
pshelley@clf.org


For the MASSACHUSETTS TURNPIKE AUTHORITY and
    John Cogliano, in his official capacity as its chairman,


/s/ Timothy Dacey
Timothy Dacey (BBO # 111800)
Gary M. Ronan (BBO # 653899)
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
(617) 482-1776
tdacey@goulstonstorrs.com
gronan@goulstonstorrs.com

B3267429.6     - 5 -

For the MASSACHUSETTS BAY TRANSPORTATION
    AUTHORITY and Daniel Grabauskas, in his official capacity
    as its general manager,


<u>Elisabeth DeLisle</u>
Dean Richlin (BBO # 419200)
Elisabeth Delisle (BBO # 658067)
Foley Hoag LLP
Seaport World Trade Center
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000
drichlin@foleyhoag.com
edelisle@foleyhoag.com


For the Governor of Massachusetts, the Secretary of the Office
    for Commonwealth Development, the Chairman of the Commonwealth
    Development Coordinating Council, the Secretary of the Executive Office of
    Transportation; the Commissioner of the Massachusetts Highway Department,
    and the Commissioner of the Department of Environmental Protection, in
    their official capacities,

THOMAS F. REILLY
ATTORNEY GENERAL


<u>/s/ Pierce O. Cray</u>
Pierce O. Cray (BBO # 104630)
David Hadas (BBO # 641294)
Assistant Attorneys General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200 ext. 2084
Pierce.cray@ago.state.ma.us
David.hadas@ago.state.ma.us

      This Stipulation as to the Preservation of Privileges and Protections is hereby approved and endorsed by the Court.

SO ORDERED.
Dated: _____

                                                                                      _____
                                                                                       The Honorable Nancy Gertner
                                                                                       United States District Court Judge